Jesse Kodadek
William T. Casey
PARSONS BEHLE & LATIMER
127 East Main Street, Suite 301
Missoula, MT 59802
406.317.7220
jkodadek@parsonsbehle.com
wcasey@parsonsbehle.com

*Attorneys for the Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| HUGH SUTHERLAND and KIM D. SUTHERLAND,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>PAUL J. WATTERWORTH, as TRUSTEE OF THE PAUL J. WATTERWORTH REVOCABLE TRUST,<br><br>*Defendant.* | **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

## Introduction

This case is about whether the Watterworth Trust possesses an easement over the Sutherlands' property on "Mine Road," and the parties' pleadings request competing declaratory judgments on that issue. A review of those pleadings suggests a complicated access dispute that requires a deep dive into a pile of

warranty deeds and certificates of survey, all involving ever-evolving legal descriptions over a period of years. But the reality is much simpler—at least as it relates to the Trust's express easement claims. Resolution of those claims requires consideration of just two issues of law as they apply to just two transactions.

The first issue is whether a recorded "Notice of Purchaser's Interest"—which is evidence of an executory contract to sell property at a future date if certain conditions are satisfied—constitutes a "conveyance" sufficient to establish an easement. This question is straightforward, because the Montana Supreme Court recently held that, as a matter of law, an almost identical Notice of Purchaser's Interest was not a conveyance and was therefore incapable of creating an easement.

The second is whether the certificate of survey referenced in the Sutherlands' predecessors' deeds satisfy Montana's easement-by-reference doctrine. Under that doctrine, an easement can be created if the deed explicitly refers to a plat or certificate of survey on which an easement is "adequately described," which means the identity of the property benefitted by the easement must be apparent on the certificate of survey. Here, the properties purportedly benefitted by the alleged easement cannot be identified by the relevant survey.

For these reasons, the Sutherlands are entitled to judgment as a matter of law that the Watterworth Trust does not have an express easement over their property.

**Undisputed Facts**

The Plaintiffs, Hugh and Kim Sutherland, own property in Ravalli County. (Doc. 1 at 1; Doc. 3 at 2.) The Defendant, Paul Watterworth, is the Trustee of the Paul J. Watterworth Revocable Trust, which owns property in both Ravalli and Missoula Counties. (Doc. 1 at 2; Doc. 3 at 2.) The parties dispute whether the Trust has an easement on "Mine Road" as it crosses the Sutherlands' property. (Doc. 1 at 2: Doc. 3 at 2.) Here is a general overview of the relationship between the relevant parts of the parties' properties, the neighboring properties, and the general route of Mine Road, which is highlighted by a dashed blue line:



**A.      Knight/Reiber enter into a contract for deed with Sagebrush and a Notice of Purchaser's Interest is recorded in April 2002.**

In 2002, all of the parties' properties relevant to this dispute were owned by Sagebrush Investments LLP. (Doc. 1 at 3; Doc. 3 at 3.) In April of 2002, Sagebrush entered into a contract for deed with Kenneth Reiber and Susan Knight, where Sagebrush agreed to sell over 400 acres to Reiber/Knight at some point in the future. (Doc. 3 at 3–4.)

The contract is memorialized in a document called a Notice of Purchaser's Interest, or an NPI. (Doc. 3 at 4.) The NPI was recorded in May of 2002. (Doc. 1-1.) The NPI explains that the parties had "entered into a written agreement for sale…of the following real property… [described in] Exhibit 'A' attached hereto" and that the "agreement requires periodic payments to be made to Seller in amortization of the balance due on the purchase price, and upon payment in full of the purchase price, Seller is required to deliver the appropriate deed to Buyers." (Doc. 1-1.)

Exhibit A is styled as a "Legal Description," and describes Tract 1 of Certificate of Survey (COS) 496440-R—which is in Ravalli County—along with the southwest corner of Section 36, T11N, R19W, in Missoula County. Exhibit A also included the following language:

> ALSO TOGETHER WITH a 60 foot wide road and utility easement extending northerly from 8 Mile Road, through the W

½ of Section 1, along "Mine Road," to the Southeasterly portion
of the property herein.

(Doc. 1-1 at 2.) As will be shown below, the NPI itself did not contain any

language of conveyance.

For context, here is an excerpt from COS 496440-R (Doc. 3-6), showing a

portion of the property involved in the Sagebrush to Reiber/Knight NPI, which has

been highlighted in yellow. The survey itself shows "Tract 1" of that COS, which

is in Ravalli County. The yellow lines "above" the survey represent the eastern and

western boundaries of the southwest ¼ of Section 36, which is in Missoula County

but not part of the survey, and the blue road is "Mine Road" and the alleged

easement:



**B.      The Sagebrush to Holt deed is recorded in 2002, and that property is now owned by the Sutherlands.**

In July of 2002, Sagebrush recorded COS 498388-R, which rearranged the boundaries of some of its existing parcels—including the parcel that the Sutherlands now own. (Doc. 1-5.) Three months later, Sagebrush conveyed, via a quitclaim deed, Tract 2 of COS 498388-R to William and Ramona Holt. (Doc. 1-2.) The deed states that it is conveying "Tract 2, Certificate of Survey 49388-R," and states that it is "SUBJECT TO roadways and utility easement as shown on Certificate of Survey No. 498388-R." (Doc. 1-2.)

Later, the Holts sold the property to Ginger Vanek, with a functionally identical legal description. Then, via warranty deed recorded on March 1, 2021, Vanek sold the same property to the Sutherlands with the same legal description— Tract 2 of COS 498388-R. (Doc. 1-3.)

Here is a portion of COS 498388-R, with the Sutherlands' Tract 2 outlined in green. Once again, Mine Road and the route of the alleged easement are shown in blue.



**C.   The Sagebrush to Knight/Reiber warranty deed is not recorded until 2007.**

On the same date Sagebrush signed the NPI memorializing its contract for deed with Knight/Reiber, Sagebrush also executed a warranty deed, which would eventually convey the property to Reiber/Knight. (Doc. 3 at 4–5; Doc. 1-5.) The

warranty deed, however, was not recorded until April of 2007—presumably when Reiber/Knight paid the full purchase price to Sagebrush, as explained in the NPI. (Doc. 1-5 at 2.) Thus, Sagebrush did not actually convey what is now the Trust's property to Reiber/Knight until 2007. By that time, Sagebrush had long since sold Tract 2 of COS 49388-R to the Holts.

### D.      Summary of transactions.

To summarize, the relevant timeline of recorded transactions looks like this:

- May 2002: Sagebrush to Reiber/Knight NPI is recorded. (Doc. 1-1.)

- October 2002: Sagebrush sells Tract 1 of COS 438988-R to the Holts. (Doc. 1-2.) That property is now owned by the Sutherlands.

- April of 2007: Warranty deed from Sagebrush to Reiber/Knight is recorded. (Doc. 1-5.) That property is now owned by the Watterworth Trust.

## Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Judgment on the pleadings is proper "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell*

*Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

In determining whether a moving party has satisfied this standard, the court treats the opposing party's allegations as true, and construes them in the light most favorable to that party. *Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventists Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). Nonetheless, "conclusory allegations of law and unwarranted inferences are insufficient to avoid" dismissal. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

In ruling on the motion, a court can consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## Argument

An easement is a nonpossessory interest in land—a right which one person has to use the land of another for a specific purpose. *Blazer v. Wall*, 183 P.3d 84, 93 (Mont. 2008). An easement may be "appurtenant" or "in gross." *Id.* An easement appurtenant—the kind at issue in this case—is one that benefits a specific property, and it runs with the land. *Id.* The benefitted parcel is known as the "dominant" estate or tenement, and the burdened parcel is called the "servient" estate or tenement. *Id.*

Easements can be created by instruments in writing, by operation of law—such as an "implied easement,"—or by prescription. *Id.* Under Montana law, there are two methods by which a seller can reserve an express easement in writing. First, a grantor can expressly reserve an easement over granted land in favor of retained land by using appropriate language in the instrument of conveyance. *Blazer*, 183 P.3d at 94. Second, an easement may be expressly reserved by referring in the instrument of conveyance to a recorded plat or certificate of survey on which the easement is "adequately described." *Id.* This latter concept is the easement-by-reference doctrine.

Here, the Watterworth Trust claims an express easement over the Sutherlands' property.[1] In two alternative counts, the Trust first asserts that it has an easement by virtue of the NPI from the Sagebrush and Reiber/Knight transaction in 2002. (Doc. 3 at 29.) Alternatively, the Trust apparently claims an easement was created for its benefit when Sagebrush quitclaimed what is now the Sutherland parcel to the Holts by referring to COS 498388-R, which means that the Trust claims that the Sagebrush/Holt transaction created an easement by reference. The Trust is wrong on both counts.

---

[1] While outside the scope of this motion and legally irrelevant, the Sutherlands note that the Trust has access to its holdings via far better routes than Mine Road.

I.      **The 2002 Notice of Purchaser's Interest was insufficient to reserve an easement under Montana law, and the warranty deed was not recorded until 2007.**

There are two flaws with the Trust's apparent theory that Sagebrush granted Reiber/Knight an express easement. The first problem is the NPI. Because the NPI does not convey anything, it is insufficient to grant a property interest. In contrast, the Sagebrush to Knight/Reiber warranty deed *does* contain language of conveyance sufficient to create an easement. But because that warranty deed wasn't recorded until 2007, and because Sagebrush had long since sold what is now the Sutherland parcel to a third party by that time, Sagebrush was incapable of granting an easement over property it did not own when the Knight/Reiber warranty deed was finally recorded. For these reasons, no part of the Sagebrush to Reiber/Knight transaction was legally capable of granting an easement in favor of Reiber/Knight over what is now the Sutherlands' property.

A.      **A notice of purchasers' interest like the one here does not "convey" anything and therefore cannot create an express easement.**

An express easement is created by a written instrument of conveyance. *Mary Ellen Duke Trust v. Lee Lou, LLC*, 535 P.3d 1133, 1136 (Mont. 2023). To constitute a valid conveyance, the instrument must "(1) identify the grantor and the grantee, (2) adequately describe what is being conveyed, (3) *contain language of conveyance*, and (4) be signed." *Towsley v. Stanzak*, 519 P.3d 817, 823 (Mont. 2022) (emphasis in original). "Language of conveyance" is language whereby an

interest in real property can be "created, granted, assigned, surrendered, or declared." *Id.*

Here, the Sagebrush to Reiber/Knight NPI does not contain any language of conveyance. Instead, it simply recites that the parties had "entered into a written agreement for sale to Buyers" of certain property. It goes on to explain that the agreement requires "periodic payments to be made to Seller in amortization of the balance due…and upon payment of the full purchase price, Seller is required to deliver the appropriate Deed to Buyers." (Doc. 1-1.) That is all it says.

The Montana Supreme Court addressed a functionally identical NPI in *Towsley*. There, the Court noted that the NPI did not include either language of conveyance or language that would "effect the conveyance" of any property interest. *Id.* By its own terms, the NPI did not create, grant, assign, surrender, or declare a property interest. Nor did it "sever and convey" any property interest. *Id.* Instead, just like the NPI at issue here, the NPI explained that the parties had "entered into a written agreement for the sale" of the property, with the ultimate transfer of the property by deed conditioned upon completion of the contract. *Towsley*, 519 P.3d at 823-24. Thus, even though the NPI *mentioned* an easement— just like in this case—it could not *create* an easement because the NPI itself was not a conveyance, it was just a notice of a potential future conveyance. *Id.*

**B.    The Sagebrush to Knight/Reiber warranty deed could not create an easement because it was not recorded until 2007, well after Sagebrush had sold the allegedly servient parcel.**

Unlike the NPI, the Sagebrush to Knight/Reiber warranty deed *does* contain language of conveyance, and probably would have been sufficient to establish an easement across what is now the Sutherland property—but only if Sagebrush had still owned that property when the warranty deed was recorded. Because that warranty deed was not recorded until 2007—well after Sagebrush had already sold what is now the Sutherlands' property—Sagebrush was legally incapable of granting an easement across property it did not own. *E.g. Yellowstone River, LLC v. Meriwether Land Fund I*, 264 P.3d 1065, 1079 (Mont. 2011) (property owner can only grant or reserve an easement across her own property, and not over neighboring or intervening property owned by third parties). Thus, nothing in the Sagebrush to Reiber/Knight transaction created an easement across what is now the Sutherlands' property in favor of Reiber/Knight then, or in favor of the Watterworth Trust now.

**II.    The 2002 conveyance from Sagebrush to Holt did not create an easement by reference or reservation.**

The Trust's next argument is that when Sagebrush sold what is now the Sutherland property to Holt in 2002, that Holt took title "subject to" an easement on Mine Road. (Doc. 3 at 30.) There are only two ways that Sagebrush could have reserved an easement at that time—either by express reservation in the deed, or by

reference to a certificate of survey where the easement was adequately described.

Sagebrush did neither.

### A. The Sagebrush to Holt warranty deed does not create an easement by reservation because the language is insufficient to do so.

The Sagebrush to Holt deed contains language of conveyance and then refers

to "Attached Exhibit 'A.'" (Doc. 1-2.) Exhibit 'A' describes "Tract 2, Certificate

of Survey No. 498388-R," along with a more complex legal description. It goes on

to say:

> SUBJECT TO roadways and utility easement as shown on Certificate of Survey No. 498388-R.
>
> TOGETHER WITH all water, water rights, ditches, dams, flumes and easements appurtenant to said lands or usually had and enjoyed with the same.
>
> SUBJECT TO any restrictions, reservations, exceptions or easements and rights of way of record or apparent on the premises.

(Doc. 1-2 at 2.)

This "subject to" language is insufficient to create an easement, because the

Montana Supreme Court has held repeatedly that "subject to" language, without

more, does not create an easement. *Yorlum Properties Ltd. v. Lincoln Cnty.*, 311

P.3d 748, 754 (Mont. 2013) (collecting cases). Instead, to expressly reserve an

easement in a deed, the deed must specifically state that it is reserving an easement

for a specific purpose and for the benefit of a specific parcel. *Id.* The language in

the Sagebrush to Holt deed is therefore insufficient, by itself, to reserve an

easement for the benefit of Sagebrush—or anyone else.

**B.      The Sagebrush to Holt conveyance did not create an easement by reference because the identities of the dominant tenements are not adequately described.**

Though not specifically invoked by the Trust, the Sutherlands will next address the easement-by-reference doctrine. The doctrine recognizes that an express easement may be created "by referring in an instrument of conveyance to a recorded plat or certificate of survey on which the easement is adequately described." *Mary Ellen Duke Trust*, 535 P.3d at 1136. Because the Sagebrush to Holt deed refers to COS 498388-R, the issue is whether the purported easement is "adequately described" on that survey. It is not.

To be adequately described, an easement must meet two requirements. First, the identities of the dominant and servient tenements must be "ascertainable with reasonable certainty" from the transaction documents. *Id*. Second, the transactional documents must give the owner of the property being burdened by the servitude "knowledge of its use or its necessity." *Id.* Together, the instrument of conveyance and the referenced certificate of survey together must therefore show "clear and unambiguous grantor intent" to convey the easement. *Mary Ellen Duke Trust*, 535 P.3d at 1136.

COS 498388-R fails on all counts. First, the identities of the dominant tenements are not ascertainable with reasonable certainty. In fact, the vast majority

of Watterworth's purportedly benefitted property is not even shown on COS 498388-R, and none of it is legally described there. Here again is a portion of that COS showing Mine Road, again with the Sutherlands' parcel in green, a corner of the Watterworth Trust property outlined in yellow, and State-owned property in Missoula County shown in blue:



A few things are apparent from this image. First, Mine Road is shown heading north/northeast through the Sutherlands' property. It leaves the Sutherlands' property in the northeast corner and then only briefly crosses a small corner of the Trust's property before entering property owned by non-parties to this case. It then stops at the top of the survey, which is the Missoula County/Ravalli County line. The property immediately north of the county line is not owned by Watterworth—it is owned by the State of Montana.

It gets worse. COS 498388-R does not even specifically depict *any* of Watterworth's parcels.[2] Instead, COS 498388-R legally describes only Tract 2— now owned by the Sutherlands—and Tracts 1 and 4,[3] which are east of the Sutherlands' property and owned by non-parties.

In sum, COS 498388-R labels an easement that just briefly crosses over a small corner of the Trust's property before venturing onto property owned by non-parties, never to return to the Trust's property. For purposes of the easement-by-reference doctrine, no reasonable person looking at COS 498388-R can identify

---

[2] To be sure, this COS covers some of the area with *property* owned by the Watterworth Trust but does not show any of the Trust's actual parcels in full, especially Tract 1 of COS 496440-R, which is the parcel which Mine Road briefly passes over.

[3] There is no Tract 3 on COS 498388-R.

any of the Trust's properties as the dominant tenements with the required level of "reasonable certainty." *Yorlum*, 311 P.3d at 755.

This issue has been addressed at length by the Montana Supreme Court, which has held that it is "axiomatic" that an easement has not been adequately described when the identity of the dominant tenement cannot be ascertained from the documents of conveyance. *Blazer*, 183 P.3d at 100. "Plainly," an easement's use or necessity for the benefit of a specific parcel of land cannot be ascertained if the relevant survey fails to identify that particular land. *Id.* Thus, where the allegedly dominant tenement is "off-survey," it is not identifiable for the purposes of the easement-by-reference doctrine. *Id.*

Cases that *do* satisfy the easement-by-reference doctrine's requirements illuminate why this case does not. For example, if a certificate of survey creates two parcels, Tracts 1 and 2, and it shows a "private roadway easement" crossing Tract 2 from a state highway to Tract 1, the easement is adequately described. *Bache v. Owens*, 883 P.2d 817, 821 (Mont. 1994). This concept—which is really the prototypical easement-by-reference concept—is aptly illustrated by *Yorlum*, which includes an image of the relevant certificate of survey. That survey legally describes two parcels, and it shows a "30' PRIVATE EASEMENT" running from the end of a cul-de-sac across Lot 5-A-1 and ending on the boundary of Lot 5-B. which is highlighted below:



*Yorlum*, 311 P.3d at 755.

    *Yorlum* found that when the owner of Lot 5-B sold Lot 5-A-1 via reference to the plat, the plat gave the purchaser sufficient information "to ascertain, with reasonable certainty, the dominant tenement (Lot 5-B), the servient tenement (Lot 5-A-1), and the easement's use or necessity (to provide a means of private access to Lot 5-B.)" *Yorlum*, 311 P.3d at 757. *Yorlum* thus concluded that, based on the above plat, the "easement's burden on the servient estate is reasonably clear to any purchaser of Lot 5-A-1." *Id.; see also Halverson v. Turner*, 885 P.2d 1285, 1287–88 (Mont. 1994) (doctrine satisfied when COS creating two parcels showed 30-

foot easement leading from an otherwise landlocked parcel across the other to a public road); *Pearson v. Virginia City Ranches Ass'n*, 993 P.2d 688, 692 (Mont. 2000) (doctrine satisfied when subdivision plat "clearly" depicted a bridle path easement across every lot for benefit of all lot owners).

These cases all have one thing in common: the dominant tenements are legally described *on the same survey or plat* as the servient tenements. Here, that is not the case, and there is no single survey that legally describes both the Watterworth Trust's parcels and the Sutherlands' parcel. That alone is fatal to an easement-by-reference claim, because a "recorded instrument cannot impart constructive notice that an easement burdens a particular parcel of land for the benefit of another if the intended dominant and servient estates are ascertainable only by resort to parol evidence." *Blazer*, 183 P.3d at 106.

Beyond that, however, an easement cannot be adequately described if an individual examining the survey "cannot know whether an easement is being reserved or granted, and thus whether any particular parcel was dominant or servient." *Blazer*, 183 P.3d at 102. Here, it is impossible to determine from COS 498388-R that the small corner of the Trust's property that Mine Road crosses is intended to be the dominant tenement. Instead, to the extent COS 498388-R could ever satisfy the easement by reference doctrine, it appears far more likely from

looking at the survey that the small corner of the Trust's property over which Mine Road passes, is a *servient* tenement.

For all of these reasons, the easement shown on COS 498388-R is not adequately described, and the reference to it in the Sagebrush to Holt quitclaim deed was insufficient to create an easement by virtue of the easement-by-reference doctrine.

## Conclusion

The Sutherlands request the Court grant their motion for judgment on the pleadings and declare that the Watterworth Trust does not have an express easement across their property on or near the route of Mine Road.

February 12, 2023.

PARSONS BEHLE & LATIMER
*Attorneys for the Sutherlands*


/s/ Jesse Kodadek
Jesse Kodadek

## Certificates of Compliance and Service

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this brief has 3,811 words as calculated by Microsoft Word, excluding the caption, certificate of compliance, and certificate of service.

I further certify that all parties entitled to service of this document are registered with the Court's CM/ECF system and will be served upon filing.

/s/ Jesse Kodadek