Dale R. Cockrell
Sean Christensen
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile:  (406) 756-6522
Email: dcockrell@mcgalaw.com
        schristensen@mcgalaw.com

*Attorneys for Paul J. Watterworth, as Trustee*
*of the Paul J. Watterworth Revocable Trust*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| HUGH SUTHERLAND and KIM D. SUTHERLAND,<br><br>    Plaintiffs,<br><br>v.<br><br>PAUL J. WATTERWORTH, as TRUSTEE OF THE PAUL J. WATTERWORTH REVOCABLE TRUST,<br><br>    Defendant. | Case No. 9:23-cv-00130-DLC<br><br>**WATTERWORTH'S OPPOSITION BRIEF TO PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................1

II.   DISPUTED FACTS.....................................................................4

III.  LEGAL STANDARD .................................................................10

IV.  ARGUMENT.............................................................................10

     A.    Recording Just Establishes Priority. It Has Nothing To Do With Conveying Title.................................................10

     B.    Warranty Deeds Immediately Convey Interests In Property. .............11

     C.    "Subject To" Does Not Create An Easement. "Together With" Creates An Easement...........................................11

     D.    Sutherlands' Reliance On And Representation Of *Towsley* Is Misplaced And Inaccurate.................................................12

     E.    The Sagebrush/Reiber-Knight NPI Created An Interest In The Easement Because It Constituted An Abstract Of A Separate, Valid Instrument Of Conveyance – The Sagebrush/Reiber-Knight Deed...........................................................18

     F.    Alternatively, Sutherlands' Property Was Subject To All Easements Of Record When They Purchased Their Property. And, The Easement Was Also Created Under The Easement By Reference Doctrine...........................................20

V.    CONCLUSION...........................................................................28

# TABLE OF AUTHORITIES

## Cases

*Ash v. Merlette*,
   407 P.3d 304 (Mont. 2017)....................................................................................21

*Blakely v. Kelstrup*,
   708 P.2d 253 (Mont. 1985)...................................................................................10

*Blazer v. Wall*,
   183 P.3d 84 (Mont. 2008).............................................................................. 11, 22

*Dobitz v. Oakland*,
   561 P.2d 441 (Mont.1977).............................................................................. 11, 18

*Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventists
   Congregational Church,*
   887 F.2d 228 (9th Cir. 1989) .................................................................................10

*Halverson v. Turner,*
   885 P.2d 1285 (Mont. 1994)..................................................................................25

*John Alexander Ethen Trust Agreement v. River Res. Outfitters, LLC,*
   256 P.3d 913 (Mont. 2011)....................................................................................21

*Mary Ellen Duke Trust v. Lee Lou, LLC,*
   535 P.3d 1133 (Mont. 2023)......................................................................... 11, 18, 19

*Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops. Inc.,*
   164 P.3d 851 (Mont. 2007)........................................................................... 11, 18, 19

*McGlinchy v. Shell Chem. Co.,*
   845 F.2d 802 (9th Cir. 1988) .................................................................................10

*Pearson v. Virginia City Ranches Ass'n,*
   993 P.2d 688 (Mont. 2000).....................................................................................25

*Richman v. Gehring Ranch Corp.,*
   37 P.3d 732 (Mont. 2001)......................................................................................16

*Tungsten Holdings v. Olson*,
   50 P.3d 1086 (Mont. 2002) ...................................................................................16

*Urquhart v. Teller*,
   958 P.2d 714 (Mont. 1998) ...................................................................................16

*Wild River Adventures v. Board of Trustees of Sch. Dist. No. 8,*
   812 P.2d 344 (Mont. 1991) .......................................................................... 11, 18

*Yellowstone River, LLC v. Meriwether Land Fund I,*
   265 P.3d 1065 (Mont. 2011) ........................................................................ 16, 17

*Yorlum Properties Ltd. v. Lincoln Cnty.*,
   311 P.3d 748 (Mont. 2013) ................................................................... 24, 25, 27

**Statutes**
MCA § 70-21-305 ........................................................................................ 19, 20

Plaintiffs' Motion for Partial Judgment on the Pleadings fails for several reasons. First, in Sutherlands' "Undisputed Facts" and "Argument," Sutherlands misrepresent statements from Watterworth's Answer and Counterclaims (Doc. 3). For that reason alone, construing all Watterworth's allegations as true, Sutherlands' motion fails. Second, Sutherlands' two arguments about why Watterworth does not have an express easement over their property fail as a matter of law and the facts.

## I.   INTRODUCTION

Sutherlands assert Watterworth's position is: (1) the April 19, 2002, Notice of Purchaser's Interest between Sagebrush, Investments, LLP ("Sagebrush") and Kenneth Reiber and Susan Knight ("Sagebrush/Reiber-Knight NPI") conveyed an easement over Sutherlands' property to Watterworth's property; and (2) Sagebrush reserved an easement over Sutherland's property when it conveyed the now-Sutherland property to William and Ramona Holt on August 1, 2002. Not so.

First, Watterworth has an express easement over the Sutherlands' property to Watterworth's Ravalli and Missoula County properties because the Sagebrush/Reiber-Knight Warranty Deed ("Sagebrush/Reiber-Knight Deed") was executed April 19, 2002 and subsequently recorded. Under the doctrine of merger, the underlying contract, merged into the deed, not vice versa. The fact the deed was recorded in 2007, after Sagebrush no longer owned the Sutherlands' property, has

nothing to do with conveyance. As *Towsley* explained, the warranty deed is what conveys title. The Court need go no further to deny Sutherlands' motion.

Additionally, Watterworth has an express easement over Sutherlands' property to Watterworth's Ravalli and Missoula County property because the Sagebrush/Reiber-Knight NPI conveyed an easement, or at the very least, an interest in an easement over Sutherlands' property to Watterworth's Ravalli and Missoula County property on April 19, 2002. The Sagebrush/Reiber-Knight NPI contains the words "together with" which are words that create an easement which Watterworth contends should be construed as "language of conveyance". Even if the words "together with" are not "language of conveyance," because the Sagebrush/Reiber-Knight NPI is an abstract of the Sagebrush/Reiber-Knight Deed - the instrument of conveyance – pursuant to *Towsley*, the Sagebrush/Reiber-Knight NPI conveyed an interest in the easement. The Court again could stop at this point and deny Sutherlands' motion.

Nevertheless, if the Court proceeds, alternative bases exists for an express easement over Sutherlands' property to Watterworth's Ravalli and Missoula County property and to Watterworth's Ravalli County property. Mis-stating Watterworth's Answer, Sutherlands represent that Watterworth claims the Sagebrush/Holt Quit Claim Deed created an easement. Not so. Sutherlands bought their property servient to the Mine Road easement. Every deed, from the August 1, 2002, Sagebrush/Holt

Quit Claim Deed to the Vanek/Sutherlands Warranty Deed, stated "Tract 2, [COS] 498388-R," the now-Sutherlands' property, was "SUBJECT TO any/[all] … easements of record."

The Sagebrush/Reiber-Knight Deed and Sagebrush/Reiber-Knight NPI were of record prior to the Vanek/Sutherlands' deed. Certificates of Survey ("COS") 484308-R (recorded September 4, 2001), 496440-R (recorded May 28, 2002); and 498388-R (recorded July 2, 2002) all clearly depict the Mine Road easement and its use ("60' private access and utility easement"). The Mine Road easement never moved on any of those COSs. Further, although not necessary for an easement by reference, Sutherlands' (Tract 2) and Watterworth's Ravalli County property (Tract 1) were legally described on COSs 484388-R and 498388-R and 496440-R, respectively. Those COSs state the Sutherlands' and Watterworth's Ravalli County properties were "being surveyed and monumented according to the [COS], *subject to easements and restrictions of record and/or apparent*." Thus, for this separate reason, pursuant to Montana law, Watterworth meets the requirements for an easement by reference for a 60' private road and utility easement over Sutherlands' property to Watterworth's Ravalli County property.

In sum, Sutherlands mis-state allegations in Watterworth's Answer, all of which must be construed as true and in Watterworth's favor. Sutherlands misstate

*Towsley's* holding and holdings of other cases upon which they rely. Sutherlands'

motion should be denied.

## II.   DISPUTED FACTS

1.   Disputed: Doc. 7, p. 4:

> In April of 2002, Sagebrush entered into a contract for deed with
> Kenneth Reiber and Susan Knight, where Sagebrush agreed to sell over
> 400 acres to Reiber/Knight at some point in the future. (Doc. 3 at 3–4
> [Watterworth Answer].)

Sutherlands misstate Watterworth's Answer. In its Answer, Watterworth responded:

> In response to Paragraph 12 of the Complaint, Watterworth admits that
> on April 19, 2002, Sagebrush entered into a written agreement with
> Kenneth Reiber and Susan J. Knight, as evidenced by a Notice of
> Purchasers' Interest ("Sagebrush/Knight-Reiber NPI") (Doc. 1-1), for
> sale to Reiber/Knight of the "following described real property situated
> in the County of Ravalli AND IN the County of Missoula" [ the now-
> Watterworth property]:
>
> > ALSO TOGETHER with a 60 foot wide road and utility
> > easement extending northerly from 8 Mile Road, through
> > the W½ of Section 1, along "Mine Road," to the
> > Southeasterly portion of the property herein.
>
> Watterworth …denies any allegations inconsistent with the
> Sagebrush/Reiber-Knight NPI, including, the allegation of the "sell to
> Reiber and Knight at a future date.".
> ***
> Watterworth further avers that the Sagebrush/Reiber-Knight Warranty
> Deed would be delivered to Knight and Reiber upon payment in full of
> the purchase price. Watterworth denies any remaining allegations of
> this paragraph.

Doc. 3, ¶ 12 (pp. 3-4).

2.   Disputed: Doc. 7, p. 4:

> The contract is memorialized in a document called a Notice of
> Purchaser's Interest, or an NPI. (Doc. 3 at 4.) The NPI was recorded in
> May of 2002. (Doc. 1-1.) The NPI explains that the parties had "entered
> into a written agreement for sale…of the following real property…
> [described in] Exhibit 'A' attached hereto" and that the "agreement
> requires periodic payments to be made to Seller in amortization of the
> balance due on the purchase price, and upon payment in full of the
> purchase price, Seller is required to deliver the appropriate deed to
> Buyers." (Doc. 1-1.)

Although Sutherlands' selective quotations are accurate, by selectively quoting,

Sutherlands left out several things. Thus, these "undisputed facts" are misleading.

First, the Sagebrush/Reiber-Knight NPI was executed on April 19, 2002, and

recorded with the Ravalli County Clerk and Recorder on May 28, 2002, at 3:40 pm.

Doc. 1-1, page 1 of 4. COS 484308-R was recorded on May 18, 2002, at 3:31 pm.

Doc. 3-5. Second, the Sagebrush/Reiber-Knight NPI provided Exhibit A was

attached "*and made a part hereof by this reference*." *Id.* (emphasis added). Third,

the Sagebrush/Reiber-Knight NPI's Exhibit A provided the now-Watterworth

property was sold:

> ALSO TOGETHER with a 60 foot wide road and utility easement
> extending northerly from 8 Mile Road, through the W½ of Section 1,
> along "Mine Road," to the Southeasterly portion of the property
> herein.

Doc. 1-1, page 3 of 4. Fourth, Watterworth's Ravalli County property was described

based on reference to COS 496440-R (Tract 1, COS 496440-R) which on its face

identified COS 484308-R. Both COSs showed the Mine Road easement over the

now-Sutherlands' property and Watterworth's Ravalli County property. COS 496440-R also identified the Mine Road easement as a "60' Private Access and Utility Easement Per [COS] 484308-R." Doc. 3-6, page 2 of 2. Fifth, COS 496440-R, which divided Watterworth's Ravalli County property (Tract 1) and the northern portion of Sutherlands' property (Tract 2), stated each tract was "being surveyed and monumented according to the [COS], *subject to easements and restrictions of record and/or apparent*." Doc. 3-6, p. 2 of 2. Finally, the Sagebrush/Reiber-Knight NPI, while identifying there was an agreement, is an abstract of the Sagebrush/Reiber-Knight Deed – the instrument of conveyance – not the underlying contract for deed.

3.      Disputed: Doc. 7, p. 5:

"[E]xcerpt from COS 496440-R." While Sutherlands correctly highlighted in yellow Watterworth's Ravalli and Missoula County properties, the "excerpt" does not identify that in addition to Tract 1 (Watterworth's Ravalli County property), the northern portion of the Sutherlands' property, Tract 2, was a tract surveyed on that COS. *Id*. COS 496440-R provided Tracts 1 and 2 were "being surveyed and monumented according to this certificate of survey, subject to easements and restrictions of record and/or apparent." *Id*. The blue arrow on the "excerpt" covers both the wording "60' private access and utility easement per [COS] 484308-R" and the arrow pointing to the Mine Road easement.

4. Disputed: Doc. 7, p. 6:

> Later, the Holts sold the property to Ginger Vanek, with a functionally identical legal description. Then, via warranty deed recorded on March 1, 2021, Vanek sold the same property to the Sutherlands with the same legal description—Tract 2 of COS 498388-R. (Doc. 1-3.)

The Holts sold and conveyed the property via Warranty Deed to Ginger Vanek on November 23, 2016. *See* Doc. 3-12 pp. 2, 3 of 3; Doc. 14, page 8 of 16 (¶ 4(q)). That sale was memorialized in the November 23, 2016 NPI, recorded November 28, 2016. Doc. 3-11, pp. 2,3 of 3. The Warranty Deed provided the "Grantor hereby grants, bargains, sells, [and] conveys to Grantee" "Tract 2, [COS] 498388-R…**SUBJECT TO** all recorded easements…." Doc, 3-12, p. 2 of 3. The Warranty Deed did not provide that the property was sold or would be conveyed on March 3, 2021.

5. Disputed: Doc. 7, p. 7:

> On the same date Sagebrush signed the NPI memorializing its contract for deed with Knight/Reiber, Sagebrush also executed a warranty deed, which would eventually convey the property to Reiber/Knight. (Doc. 3 at 4–5; Doc. 1-5.) The warranty deed, however, was not recorded until April of 2007—presumably when Reiber/Knight paid the full purchase price to Sagebrush, as explained in the NPI. (Doc. 1-5 at 2.) Thus, Sagebrush did not actually convey what is now the Trust's property to Reiber/Knight until 2007. By that time, Sagebrush had long since sold Tract 2 of COS 49388-R to the Holts.

The Sagebrush/Reiber-Knight Deed did not provide the property was being later conveyed. Doc. 1-5, p. 1 of 3. It was executed April 19, 2002. *Id.* It stated: "… [Sagebrush] … do[es] by these presents grant, bargain, sell, [and] convey… real estate … 'See Attached Exhibit A'." *Id.* Exhibit A identified the now-Watterworth

Ravalli and Missoula County property… and "ALSO TOGETHER WITH a 60 foot wide road and utility easement extending northerly from 8 Mile Road, through the W½ of Section 1, along "Mine Road," to the Southeasterly portion of the property herein." *Id.,* p. 3 of 3. "Record[ing] is a device to establish priority, but has nothing to do with conveying title." *Towsley v. Stanzak,* 591 P.817, 824 (Mont. 2022).

Further:

> An instrument lacking language of conveyance may nonetheless create an interest in an easement if the instrument constitutes an abstract of a separate, valid instrument of conveyance. Section 70-21-305, MCA (an abstract of a conveyance or encumbrance of real property must be "acknowledged or proved and certified and recorded as prescribed by law.").

*Towsley,* at 823. Even if the Sagebrush/Reiber-Knight NPI did not contain language of conveyance, and Watterworth contends "TOGETHER WITH" should be construed as "language of conveyance," the NPI nonetheless created an interest in an easement because it was an abstract of a separate, valid instrument of conveyance, i.e., the Sagebrush/Reiber-Knight Deed, which was acknowledged and recorded as prescribed by law. Doc. 1-1, page 1 of 3 (notarization of signatures, Ravalli County Document 496442, Missoula County Document 200215481). *See Towsley,* at 823.

6.    Disputed: Doc. 7, p. 8 "Summary of Transactions."

> To summarize, the relevant timeline of recorded transactions looks like this:
> - May 2002: Sagebrush to Reiber/Knight NPI is recorded. (Doc. 1-1.)

- October 2002: Sagebrush sells Tract 1 of COS 438988-R to the Holts. (Doc. 1-2.) That property is now owned by the Sutherlands.
- April of 2007: Warranty deed from Sagebrush to Reiber/Knight is recorded.

Watterworth disputes. For responding to Sutherlands' motion, Watterworth contends the relevant documents are:

- September 4, 2001: COS 484308-R is recorded. Doc. 3-5; Doc. 14, p. 6 (¶4 (g)).
- April 19, 2002: Sagebrush and Reiber-Knight enter Sagebrush/Reiber-Knight NPI for sale of Watterworth's property in Missoula and Ravalli Counties "ALSO TOGETHER WITH the [Mine Road easement]". Doc. 1-1, pp. 1, 3 of 4; Doc. 14, p. 6 (¶ 4(k)).
- April 19, 2002: Sagebrush executed the Sagebrush/Reiber-Knight Deed which "by these presents grant, bargain, sell, [and] convey" to Reiber and Knight the now-Watterworth property in Missoula and Ravalli Counties "ALSO TOGETHER WITH the [Mine Road easement]." Doc. 1-5, pp. 1, 3 of 3; Doc. 14, p. 6 (¶ 4(l)).
- May 28, 2002, 3:31 pm: COS 496440-R is recorded. Doc. 3-6, p. 2 of 2; Doc. 14, p. 5 (¶ 4(h)).
- May 28, 2002, 3:40 pm: Sagebrush to Reiber/Knight NPI is recorded. Doc. 1-1.
- July 2, 2002: COS 498388-R is recorded. Doc. 1-4.
- August 1, 2002: Sagebrush conveyed Tract 2 of COS 498388-R to Holts via a quitclaim deed recorded on October 10, 2002 Doc. 1-2; Doc. 14, p. 7 (¶ 4 (o)).
- April 6, 2007: Sagebrush/Reiber-Knight Deed is recorded. Doc. 1-5; Doc. 14, pp. 6-7 (¶ 4 (l)).
- November 23, 2016: Holts and Vanek enter NPI "providing for sale of" the now-Sutherlands' property to Holts. Doc. 3-11; Doc. 14, p. 7 (¶ 4 (p)).
- November 23, 2016: Holts execute Warranty Deed to Vanek which "grants, bargains, sells, conveys" to Vanek the now-Sutherlands' property "SUBJECT TO all recorded reservations, restrictions, covenants, easements, rights-of-way…" Doc. 3-12; Doc. 14, p. 8 (¶ 4 (q)).

- February 26, 2021: Vaneks "grant, bargain, sell and convey" to Sutherlands "Tract 2, [COS] 498388-R". Doc. 1-3.

## III.    LEGAL STANDARD

A motion for judgment on the pleadings must be analyzed on the same test as a Rule 12(b)(6) motion. *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The non-moving party's allegations must all be construed as true and viewed in the light most favorable to the non-moving party. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventists Congregational Church,* 887 F.2d 228, 230 (9th Cir. 1989).

## IV.    ARGUMENT

### A.    Recording Just Establishes Priority. It Has Nothing To Do With Conveying Title.

Sutherlands argue Sagebrush could not have granted an easement over the now-Sutherland property because the Sagebrush/Reiber-Knight Deed was not recorded until April 6, 2007, after Sagebrush no longer had common ownership of the Watterworth and Sutherland property. Doc. 7, p. 11. That is not the law in Montana.

Recording "has nothing to do with conveying title." *Blakely v. Kelstrup*, 708 P.2d 253, 254 (Mont. 1985); *Towsley*, 519 P.3d at 824. Recording of a document is simply "a device to establish priority." *Id*.

**B.      Warranty Deeds Immediately Convey Interests In Property.**

Warranty deeds are distinct from a contract for deed. *Id.*; citing *Dobitz v. Oakland*, 561 P.2d 441 (Mont.1977). A "warranty deed" immediately transfers a property interest." *Id.* A contract for deed is an executory contract for sale and purchase of property, which states conditions to a transfer of property. *Towsley*, 519 P.3d 817, at 824. Consequently, conveyance occurs by way of the warranty deed, not a contract for deed. *Id.* "[W]hen a deed has been executed, the purchaser's rights are generally found in the deed covenants, not the executed contract." *Id.*

**C.      "Subject To" Does Not Create An Easement. "Together With" Creates An Easement.**

When used in a deed, "subject to" "refer[s] to existing easements." *See Wild River Adventures v. Board of Trustees of Sch. Dist. No. 8,* 812 P.2d 344, 347 (Mont. 1991). "Subject to" does not create an easement. *Id.*; *Mary Ellen Duke Trust v. Lee Lou, LLC,* 535 P.3d 1133, 1138 (Mont. 2023).

In contrast, "together with" creates an easement. *Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops. Inc.,* 164 P.3d 851, 858 (Mont. 2007); *Mary Ellen Duke Trust*, 535 P.3d at 1138.

An easement can also be created through "an explicit reference in the deed to a plat or certificate of survey on which an easement is clearly depicted and adequately described…." *Blazer v. Wall*, 183 P.3d 84, 97-98 (Mont. 2008).

### D.   Sutherlands' Reliance On And Representation Of *Towsley* Is Misplaced And Inaccurate.

Sutherlands argue that under *Towsley* an NPI is "not a conveyance; it is just a notice of a potential future conveyance." Doc. 7, p. 12. Thus, they argue, the Sagebrush/Reiber-Knight NPI could not have created an easement. That is not what *Towsley* held. Moreover, the situation in *Towsley* is not what happened here.

In *Towsley,* in April 1975, Rose (the seller) recorded COS 569 which divided Rose's property into Parcel 1 and Rose's remaining property. *Towsley,* at 819. COS 569 depicted a "private road easement" (the "Claimed Easement") connecting Parcel 1 to a road on Rose's remaining property. *Id.* Two months later, in July 1975, Rose recorded COS 648 dividing Rose's remaining property into two parcels south and west of Parcel 1. *Id.* at 820. COS 648 identified an easement ("replacement easement for C.S. # 569 parcel") for Parcel 1 along the boundary of one of the new parcels. *Id.*

In November 1977, Rose entered into a contract for deed for sale of Parcel 1 to Benjamins, executed a warranty deed ("1975 Warranty Deed") and recorded an NPI ("1977 NPI"). *Id.* The NPI stated Parcel 1 was "*[s]ubject to* a 30 foot access easement … according to COS 569." *Towsley,* at 820. (emphasis added.) The underlying contract for deed provided the 1975 Warranty Deed would be delivered to Benjamins upon payment in full. *Id.* at 821. The 1975 Warranty Deed, however, was never delivered to the Benjamins nor recorded. *Id.,* at 821.

Instead, in December 1979, Benjamins recorded COS 2233 dividing Parcel 1 into three smaller parcels (Parcels A, B, and C). *Towsley,* at 821. COS 2233 did not depict or describe the Claimed Easement, consistent with the statement on COS 648 that the Claimed Easement (COS 569 easement) had been replaced. *Id.* Additionally, the same day COS 2233 was recorded, Rose recorded deeds of easements granting access easements to Benjamins for the benefit of Parcels A, B and C. *Id.* Parcel C was further subdivided into Parcel C-1 and remainder of Parcel C. *Id.* Then, by different warranty deeds – not the 1975 Warranty Deed – Rose deeded Parcels A, B, C and C-1 to Benjamins who subsequently sold those parcels to Stanzaks. *Id.*

Stanzaks claimed they had an interest in the Claimed Easement (the COS 569 easement) based on COS 569 and the 1977 NPI. *Towsley,* at 821. First, Stanzaks argued the 1977 NPI conveyed the Claimed Easement (the COS 569 easement). *Id.* at 822. Alternatively, Stanzaks argued the 1977 NPI was an *abstract of the contract for deed* - the instrument of conveyance – and thus, under MCA § 70-21-305, the NPI had the same effect as the 1975 Warranty Deed. *Id.* Rose contended the 1977 NPI did not transfer the Claimed Easement (the COS 569 easement) because it had no "language of conveyance" and thus could not transfer title. *Id.,* at 821-22. Alternatively, Rose contended the adjustment of the Claimed Easement (the COS 569 easement) by COS 648 and COS 2233 extinguished the Claimed Easement (the COS 569 easement). *Id.*

Addressing those competing arguments, the Court began by stating:

> An expressly granted appurtenant easement, as claimed here, requires
> [1] the grantor to hold title to both the dominant and servient estates,
> and [2] the severance of those estates must be made in a written
> instrument of conveyance that is substantively sufficient to convey the
> severed estate, grant or reserve the intended easement, identify the
> dominant and servient estates, and indicate the nature and scope of the
> right reciprocally burdening and benefitting the servient and dominant
> estates.
> ***
> The instrument of conveyance and the referenced document(s) "must
> be sufficient together to express clear and unambiguous grantor intent
> to grant or reserve an easement in a manner that clearly and
> unambiguously describes or otherwise manifests with reasonable
> certainty the intended dominant and servient estates, use, and location
> of the easement."
>
> Additionally, to constitute a valid conveyance, the instrument must,
> "(1) identify the grantor and the grantee, (2) adequately describe what
> is being conveyed, (3) *contain language of conveyance*, and (4) be
> signed."

*Towsley,* at 822-23.

The Court held the NPI could not have created an easement because it did not

"contain language of conveyance" or other "language that would 'effect the

conveyance' of the easement." *Towsley,* at 823. "Thus, *by its language*, the NPI

merely provided notice of a potential grant of the property, to be effectuated by deed

upon future performance of the contract." *Id.,* at 823-24 (emphasis added). But, the

Court then stated that even if the NPI did not contain "language of conveyance," if

it was an abstract of the "instrument of conveyance," it would convey an interest in

an easement. *Id.* ("An instrument lacking language of conveyance may nonetheless

create an interest in an easement if the instrument constitutes an abstract of a separate, valid instrument of conveyance.").

The Court rejected Stanzak's argument the NPI qualified as an abstract of a conveyance because contrary to Stanzak's argument, a contract for deed is not an instrument of conveyance, a deed is. A deed is an instrument of conveyance because a deed immediately transfers a property interest, whereas a contract for deed is an executory contract for sale and purchase of property, "which states conditions precedent to a transfer of property." *Towsley,* at 824 (emphasis added)*.* Under MCA § 70-21-305, "a recorded abstract must be an abstract of an *instrument of conveyance* to effectuate the transfer of property." *Id.*  "Consequently, the executory contract for deed entered by the parties would not have served as the instrument of conveyance for the transaction; conveyance would have occurred by way of the contracted warranty deed." *Id.*

"It is upon this distinction that the doctrine of merger by deed is premised." *Towsley,* at 824.

> Following performance of the contract, and upon execution of a deed, the provisions of the contract for sale merge into the deed and any non-collateral terms are extinguished. Thus, when a deed has been executed, the purchaser's rights are generally found in the deed covenants, not the executed contract…. But here, that deed, transferring the Claimed Easement as provided in the contract, was never recorded, and Stanzak's predecessors did not obtain that property interest.

*Id.* (internal citations omitted). *Towsley* is not the situation here.

Sagebrush executed the Sagebrush/Reiber-Knight Deed on April 19, 2002. Reiber-Knight then performed under the contract for deed. The Sagebrush/Reiber-Knight Deed was delivered to Reiber-Knight and recorded. Thus, under the doctrine of merger, Reiber-Knight's rights are found in the Sagebrush/Reiber-Knight Deed. *See Towsley,* at 824; *Urquhart v. Teller,* 958 P.2d 714, 719 (Mont. 1998); *Richman v. Gehring Ranch Corp.,* 37 P.3d 732, 735 (Mont. 2001); *Tungsten Holdings v. Olson*, 50 P.3d 1086, 1089 (Mont. 2002).

Nothing in the Sagebrush/Reiber-Knight Deed provided the easement will begin only when the deed was recorded. Nothing in that deed provided it did not take effect until recording. Instead, that deed, executed April 19, 2002, provided Sagebrush conveyed the now-Watterworth Ravalli and Missoula County property "ALSO TOGETHER WITH a 60' wide road and utility easement … through the [now Sutherland property] along 'Mine Road' to the Southeasterly portion of the property herein [the now-Watterworth Missoula County property]."

Sutherlands' citation to *Yellowstone River* does not help them. Doc. 7, p. 13, citing *Yellowstone River, LLC v. Meriwether Land Fund I,* 265 P.3d 1065, 1079 (Mont. 2011). In *Yellowstone River,* the issue was whether there was an easement by necessity or implication because at the time the seller executed a deed, the seller held the property "in common ownership," and landlocked itself. *Yellowstone River,* 264 P.3d at 1067, 1076-1079 (Mont. 2011). In that situation an easement by

necessity arises because it must be presumed the property owner "intended to grant or reserve an easement over the [property sold] for the benefit of the landlocked [property.]" *Id.* "The easement may arise only at the time of severance, because the common owner may grant or reserve an easement only over her own property, not over the neighboring or intervening property of a third party." *Id.*

Here, Sagebrush began by selling its property to Reiber-Knight on April 19, 2002. Because Sagebrush owned property to the east of the Reiber-Knight parcel and accessed it via the Mine Road easement, it included in both the NPI and deed that it "[r]eserv[ed] with the sellers… a 60 foot wide road and utility easement through the Southeasterly corner of the property in Section 1 [the now-Watterworth Ravalli County property], known as the 'Mine Road', to provide access to the property retained by the seller in said Section 1." Doc. 1-1, p. 3 of 3; Doc. 1-5, p. 3 of 3. *Yellowstone River* did not discuss or even mention a deed executed while the owner owned the property and then is later recorded.

Further, the Sagebrush/Reiber-Knight met all four requirements Sutherlands' selectively quote from *Towsley,* (Doc.7, p. 11). Sagebrush held title to both the now-Watterworth Ravalli and Missoula County properties (the dominant estate) and the now-Sutherlands' property (the servient estate) when it executed the deed. The deed identified the grantor (Sagebrush) and grantees (Reiber-Knight). Doc. 1-5. It adequately described what was being conveyed – the Watterworth Ravalli and

Missoula Counties property together with a 60' foot wide easement from 8 Mile Road through the W½ of Section 1 (the now-Sutherlands property), along Mine Road to the southeasterly portion of the property herein (the now-Watterworth Ravalli and Missoula Counties property). *Id.* The deed contained language of conveyance – Sagebrush "grant, bargain, sell [and] convey." *Id.* The deed was signed. *Id.*

Its recording in 2007 had nothing to do with conveying title. *Towsley, supra; Dobitz, supra.* The words "together with" create an easement. *Mary J. Baker Revocable Tr., supra.*

> **E.    The Sagebrush/Reiber-Knight NPI Created An Interest In The Easement Because It Constituted An Abstract Of A Separate, Valid Instrument Of Conveyance – The Sagebrush/Reiber-Knight Deed.**

Turning to Sutherlands' argument the Sagebrush/Reiber-Knight NPI could not create an easement, *Towsley* says otherwise. In *Towsley,* the Court held even an instrument lacking "language of conveyance" may nonetheless create an interest in an easement if the instrument is an abstract of a separate, valid instrument of conveyance, and acknowledged or proved and certified and recorded as prescribed by law. *Towsley,* at 823.

Watterworth submits the Sagebrush/Reiber-Knight NPI did contain words of conveyance. The *Towsley* NPI had "subject to," words which do not create an easement. *Wild River Adventures,* 812 P.2d at 347; *Mary Ellen Duke Trust,* 535 P.3d

at 1138. In contrast, the Sagebrush/Reiber-Knight NPI contained words creating an easement, i.e., "together with." *Mary J. Baker Revocable Trust,* 164 P.3d at 858; *Mary Ellen Duke Trust*, 535 P.3d at 1138. Thus, by the Sagebrush/Reiber-Knight NPI providing the property was "together with" the easement, the Sagebrush/Reiber-Knight NPI too conveyed the easement.

But, even if "together with" are not construed as "language of conveyance," the Sagebrush/Reiber-Knight NPI has the same effect as the Sagebrush/Reiber-Knight Deed. In contrast to *Towsley,* Watterworth just as *Towsley* supports, contends the Sagebrush/Reiber-Knight NPI was an abstract of the Sagebrush/Reiber-Knight Deed – the instrument of conveyance.

The Sagebrush/Reiber-Knight NPI and Sagebrush/Reiber-Knight Deed contain the exact same Exhibit A. They both state the interest being purchased, i.e., the now-Watterworth Ravalli and Missoula County properties, together with a 60' wide private and utility access easement from 8 Mile Road, across Sutherlands' property, across Watterworth's Ravalli County property to Watterworth's Missoula County property. The Sagebrush/Reiber-Knight NPI was acknowledged and recorded. Therefore, even if the Sagebrush/Reiber-Knight NPI itself "lack[ed] language of conveyance," because it was an abstract of the Sagebrush/Reiber-Knight Deed and acknowledged and recorded as prescribed by law, pursuant to Mont. Code Ann. § 70-21-305, it "has the same effect for all purposes … as if the conveyance

… had been … recorded…" MCA § 70-21-305. Thus, on the day it was signed, it "create[d] an interest in the easement." *Towsley,* at 823.

**F. Alternatively, Sutherlands' Property Was Subject To All Easements Of Record When They Purchased Their Property. And, The Easement Was Also Created Under The Easement By Reference Doctrine.**

Sutherlands misstate Watterworth's alternative position concerning an easement by reference. Sutherlands represented Watterworth maintains the words "subject to" "*create[ed]*" an easement. Doc. 7, p. 14. Not so. "Subject to" does not create an easement. "Subject to" means the property being conveyed is subject to, i.e., subservient to existing easements over the property.

Sutherlands' property is described on their deed as "Tract 2, [COS] 498388-R" "SUBJECT TO … Easements… apparent or of record." Thus, it is subservient to all easements pre-existing February 26, 2021. *See* Doc. 1-3; Doc. 3, ¶¶ 33-38.

As discussed above, the Mine Road easement was of record since both the Sagebrush/Reiber-Knight NPI and Sagebrush/Reiber-Knight Deed were recorded. The Montana Supreme Court has explained that "a prospective purchaser is on constructive notice of recorded servitudes and encumbrances granted by the existing and prior owners of the parcel in question during the respective periods when each owner held title to the parcel." *Earl v. Pavex, Corp.,* 313 P.3d 154, 165 (Mont. 2013). Thus, had Sutherlands (if they did not) "properly searched and examined the grantor index for conveyances by [Sagebrush] during [its] ownership of the land now

comprising Tract 2, [COS 498388-R – the Sutherlands' property,] the[y] would have discovered the [Watterworth's 60' wide private access and utility] easement." *Id.* Accordingly, because Sutherlands "were on constructive notice of the easement," the easement is enforceable against the [Sutherlands]." *Id.* Thus, because the Mine Road easement to Watterworth's Ravalli and Missoula County property was set forth in each of those recorded documents, Sutherlands' property is subject to that easement.

Further, because Sutherlands' deed described their property by reference to COS 498388-R, i.e., "Tract 2, of [COS 498388-R], Watterworth has an express easement by reference over Sutherlands' property to Watterworth's Ravalli County property.

Under the easement by reference doctrine, when a deed references a certificate of survey, the referenced certificate of survey, "including all notes, certifications, lines, descriptions, land marks, and depictions therein" are incorporated into the deed. *Ash v. Merlette*, 407 P.3d 304, 309 (Mont. 2017); *see also John Alexander Ethen Trust Agreement v. River Res. Outfitters, LLC,* 256 P.3d 913, 919 (Mont. 2011) (Court reviewed prior deeds, face of a COS, and a retracement survey, for assistance in identifying a parcel's boundary lines along a non-navigable stream).

The "… easement-by-reference doctrine contemplates that an explicit reference in the deed to a plat or certificate of survey on which an easement is clearly

depicted and adequately described is sufficient to establish the easement." *Blazer*, 183 P.3d 84, at 93-34. An easement is adequately described, if it shows the easement's use, e.g., "road and utility easement," and the benefitted and burdened parcels, e.g., the easement crossing the parcels shown on the survey. *Id.* at 100. An easement referenced on a certificate of survey does not benefit a property not shown on the certificate of survey. *Blazer*, 183 P.3d 84, at 99.

Sutherlands' deed specifically describes Sutherlands' property as "Tract 2, Certificate of Survey COS 498388-R." Thus, under the easement by reference doctrine, COS 498388-R and "all notes, certifications, lines, descriptions, land marks, and depictions" on it "are incorporated into" their deed. Initially, Sutherlands argue the cases they cite found an easement under the easement by reference doctrine only when all benefitted and burdened parcels were legally described on a single survey or plat. Not one of those cases says any such thing. Moreover, *Towsley* flatly refutes that argument.

In *Towsley,* the Montana Supreme Court tracked an easement(s) on three COSs as the property owner divided its larger property into smaller and smaller parcels. *Towsley,* at 819-21. An April 1995 COS (COS 569) depicted the easement. *Id.* at 820. A July 1975 COS (COS 648) again depicted an easement but stated it was a replacement easement for the easement on the April 1995 COS (COS 569). *Id.* A November 1977 COS (COS 2233) did not depict or describe the easements from the

April 1975 COS (COS 569) or July 1975 COS (COS 648). *Id.* at 821.  Instead, the November 1977 COS (COS 2233) depicted new easements. *Id.* That is not the situation here.

Like Rose, the *Towsley* original property owner*,* as it divided its property, Sagebrush prepared three COSs: COSs 484308-R (recorded September 4, 2001), 496440-R (recorded May 28, 2002) and 498388-R (recorded July 2, 2002).

Unlike the original 1975 easement in *Towsley*, the Mine Road easement never moved. *Cf.* Docs. 1-4, 3-5, 3-6. It was clearly depicted on each COS - from 8 Mile Road, northerly over the now-Sutherland property, northeasterly across Watterworth's Ravalli County property, northeasterly onto Sagebrush's Ravalli County property east of Watterworth, i.e., Gov't Lot 2, and to the Ravalli-Missoula County border. *Id*.

The easement's nature and use never changed on COSs 484308-R, 496440-R or 498388-R. Docs. 1-4, 3-5, 3-6. On each COS, it was always described as a "60' wide private access and utility easement." *Id.* COSs 484308-R and 498388-R and COS 496440-R identified the Sutherlands' property (Tract 2) and Watterworth's Ravalli County property (Tract 1), respectively, by their legal description. *Id.*  COSs 484308-R, 496440-R and 498388-R all stated the Sutherlands' and Watterworth's Ravalli County properties were "being surveyed and monumented according to the [COS], *subject to easements and restrictions of record and/or apparent*." *Id.*

COS 498388-R included on its face references to COSs 484308-R and 496440-R. Doc. 1-4. COS 496440-R included on its face reference to COS 484308-R. Doc. 3-6. Sutherlands' deed, like all predecessor deeds, described Sutherlands' property as "Tract 2, [COS] 498388-R" and "*subject to ... [all/any] easements... apparent or of record.*" *See* Docs. 1-2, p. 3 of 3 (Sagebrush/Holt Quit Claim Deed); 3-12, p. 2 of 3 (Holt/Vanek Warranty Deed); 1-3, p. 1 of 2 (Vanek/Sutherlands' Warranty Deed).

Sutherlands claim the cases they cite show that the surveys must depict the benefitted and burdened parcels by legal description to meet a reasonable certainty requirement. Those cases do not have any such requirement. But even if they did, Sutherlands' and Watterworth's Ravalli County properties were not only clearly depicted, they were legally described on COSs 484308-R, 496440-R or 498388-R.

Sutherlands cite to *Yorlum Properties Ltd. v. Lincoln Cnty.*, 311 P.3d 748 (Mont. 2013) as a survey "which is really the prototypical easement-by-reference concept." Doc. 7, p. 19. Contrary to their assertion the survey "legally describes two parcels," *Id.*, p. 18, the survey has no legal description nor shows the entirety of any parcel. *Id.* at 19. It may be that the entire parcels are shown on a survey, but so too are Sutherlands' and Watterworth's Ravalli County properties. The *Yorlum* excerpt does show a "30' PRIVATE EASEMENT" stopping or starting at one point (Lot 5-B) and touching a boundary line of another property (cul-de-sac on Lot 5-A-1). *Id.,*

p. 19. *See also Halverson v. Turner,* 885 P.2d 1285, 1287–88 (Mont. 1994) (doctrine satisfied when COS showed 30- foot easement leading from an otherwise landlocked parcel across the other to a public road); *Pearson v. Virginia City Ranches Ass'n,* 993 P.2d 688, 692 (Mont. 2000) (doctrine satisfied when plat depicted bridle path easement across all lots). So too do COSs 484308-R, 4596440-R and 498388-R (Mine Road easement intersecting 8 Mile Road and Missoula/Ravalli County boundary).

For comparison, the portion of the *Yorlum* COS and COS 498388-R inserted by Sutherlands into their brief are below:





The property outlined in green and yellow on the COS 498388-R excerpt are the Sutherlands' and Watterworth's Ravalli County properties, respectively. Neither COS 498388-R nor the *Yorlum* COS use the words burdened and benefitted or dominant and servient. They simply depict the easement, its use ("60' private access and utility" / "30'private access"), and the properties the easements cross or touch. That's it.

COSs 484308-R, 496440-R and 498388-R more than adequately described the benefited and burdened parcels, and the Mine Road easement's use. They each depict the Mine Road easement and describe it as a "60' private access and utility easement." They depict it over the Sutherlands' property and through Watterworth's Ravalli County property. The COSs divided Sutherlands' and Watterworth's Ravalli County properties into Tract 2 and 1, respectively. The COSs stated Tract 2 and 1 are "being surveyed and monumented according to the [COS], *subject to easements and restrictions of record and/or apparent*." Tracts 1 and 2 are legally described.

Thus, even ignoring that the Sagebrush/Reiber-Knight Deed and Sagebrush/Reiber-Knight NPI provide the Watterworth Ravalli and Missoula County properties are being conveyed "ALSO TOGETHER WITH" a 60' wide private access and utility easement from 8 Mile Road, through the W½ of Section 1 (Sutherlands' property), and to the southeasterly portion of the property described therein (Watterworth's Missoula County property), Watterworth has a 60' private

access and utility easement by reference on Mine Road over the Sutherlands'
property to Watterworth's Ravalli County property.

## V.   CONCLUSION

The Sutherlands are not entitled to the relief they have requested. Watterworth
respectfully requests their motion be denied.

Dated this 4th day of March, 2024.

MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.

/s/ Dale R. Cockrell
Dale R. Cockrell
Sean Christensen
PO Box 7370
Kalispell, MT 5990
Email: dcockrell@mcgalaw.com
        schristensen@mcgalaw.com

*Attorneys for Paul J. Watterworth, as Trustee
of the Paul J. Watterworth Revocable Trust*

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(d)(2)</u>

I certify that, under L.R. 7.1(d)(2) for the U.S. District Court for the District of Montana, that Defendant Watterworth's Opposition Brief to Plaintiffs' Motion for Partial Judgment on the Pleadings is 6,069 words, including footnotes and excluding the caption, Certificate of Compliance, Table of Contents, Table of Authorities, and Certificate of Service.

Dated: March 4, 2024

/s/ Dale R. Cockrell
Dale R. Cockrell
dcockrell@mcgalaw.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing document was served upon the following individuals by:

[X] CM/ECF                 Jesse Kodadek
[ ] U.S. Mail              William T. Casey
[ ] Federal Express        PARSONS BEHLE & LATIMER
[ ] Hand-Delivery          127 East Main Street, Suite 301
[ ] Facsimile              Missoula, MT 59802
[ ] E-Mail                 jkodadek@parsonsbehle.com
                           wcasey@parsonsbehle.com

                           Attorneys for Plaintiffs

Dated this 4th day of March, 2024.

/s/ Dale R. Cockrell
Dale R. Cockrell