Dale R. Cockrell
Sean Christensen
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile:  (406) 756-6522
Email: dcockrell@mcgalaw.com
        schristensen@mcgalaw.com

*Attorneys for Paul J. Watterworth, as Trustee*
*of the Paul J. Watterworth Revocable Trust*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| HUGH SUTHERLAND and KIM D. SUTHERLAND,<br><br>     Plaintiffs,<br><br>v.<br><br>PAUL J. WATTERWORTH, as TRUSTEE OF THE PAUL J. WATTERWORTH REVOCABLE TRUST,<br><br>     Defendant. | Case No. 9:23-cv-00130-DLC<br><br>**WATTERWORTH'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

# TABLE OF CONTENTS

I.     INTRODUCTION ..........................................................................1

II.    FACTUAL BACKGROUND...........................................................4

III.   SUMMARY JUDGMENT STANDARD ........................................8

IV.    ARGUMENT.................................................................................9

   A.   The Easement From 8 Mile Road, Through Sutherland's Property And Watterworth's Ravalli County Property, To Watterworth's Missoula County Property Was Created By The Sagebrush/Reiber-Knight Deed On April 19, 2002. .......................................................................12

   B.   The Sagebrush/Reiber-Knight NPI Created The Easement To Watterworth's Ravalli And Missoula County Properties Or At The Very Least, Created An Interest In The Easement Because It Constituted An Abstract Of The Sagebrush/Reiber-Knight Deed...........................................18

   C.   Additionally, Sutherlands' Property Was Subject To All Easements Of Record...........................................................................................20

   D.   Alternatively, The Mine Road Easement Was Created Under The Easement By Reference Doctrine.................................................22

   E.   Sutherlands' Affirmative Defenses Lack Merit. .........................25

V.     CONCLUSION..............................................................................30

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ...................................................................................9

*Ash v. Merlette*,
  407 P.3d 304 (Mont. 2017)...................................................................... 22, 26

*Blakely v. Kelstrup*,
  708 P.2d 253 (Mont. 1985).....................................................................12

*Blazer v. Wall*,
  183 P.3d 84 (Mont. 2008).......................................................................23

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ...............................................................................9

*Earl v. Pavex, Corp.*,
  313 P.3d 154 (Mont. 2013)......................................................................21

*Halverson v. Turner*,
  885 P.2d 1285 (Mont. 1994).....................................................................26

*John Alexander Ethen Trust Agreement v. River Res. Outfitters, LLC*,
  256 P.3d 913 (Mont. 2011)...................................................................... 22, 26

*Mary Ellen Duke Trust v. Lee Lou, LLC*,
  535 P.3d 1133 (Mont. 2023)............................................................. 12, 18, 20

*Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops. Inc.*,
  164 P.3d 851 (Mont. 2007)......................................................... 12, 18, 20, 30

*Pearson v. Virginia City Ranches Ass'n*,
  993 P.2d 688 (Mont. 2000)......................................................................27

*Richman v. Gehring Ranch Corp.*,
  37 P.3d 732 (Mont. 2001).......................................................................17

*Towsley v. Stanzak*,
    519 P.3d 817 (Mont. 2022)............................................................................ passim

*Tungsten Holdings v. Olson*,
    50 P.3d 1086 (Mont. 2002)....................................................................................17

*Urquhart v. Teller,*
    958 P.2d 714 (Mont. 1998)....................................................................................17

*Wild River Adventures v. Board of Trustees of Sch. Dist. No. 8,*
    812 P.2d at 347 .....................................................................................................20

*Yorlum Properties Ltd. v. Lincoln Cnty.*,
    311 P.3d 748 (Mont. 2013)....................................................................................26

**Statutes**
MCA § 70-20-101 ......................................................................................................25
MCA § 70-21-305 ........................................................................................... 16, 19, 20

**Rules**
Fed. Rules Civ. Proc. Rule 56(a) ................................................................................9

Watterworth hereby files this Brief in Support of its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a).

## I.   __INTRODUCTION__

Watterworth has an express 60' private access and utility easement over Sutherlands' property to Watterworth's Ravalli and Missoula County properties based on the Sagebrush/Reiber-Knight Warranty Deed ("Sagebrush/Reiber-Knight Deed") as well as the Sagebrush/Reiber-Knight Notice of Purchaser's Interest ("Sagebrush/Reiber-Knight NPI"). Both documents were executed on April 19, 2002, while Sagebrush was the common owner of Sutherlands' and Watterworth's properties. Both documents provided the now-Watterworth property was sold "ALSO TOGETHER WITH" a 60' wide road and utility easement extending northerly from 8 Mile Road, through the W½ of Section 1 (where the Sutherland property and Watterworth Ravalli County property are located), to the southeasterly portion of the property herein (Watterworth's Missoula County property).

The fact the Sagebrush/Reiber-Knight Deed was not recorded until 2007, after Sagebrush no longer owned the Sutherlands' property does not change this conclusion. Recording is merely a mechanism for establishing priority; it has nothing to do with conveyance. A deed is the document which conveys title. Under the doctrine of merger, a party's rights are found in the deed.

The Sagebrush/Reiber-Knight NPI also conveyed that easement on April 19, 2002. It provided the now-Watterworth Missoula and Ravalli County property was sold "together with" a 60' wide road and utility easement extending northerly from 8 Mile Road, through the now-Sutherland property and Watterworth Ravalli County property, to the southeasterly portion of Watterworth's Missoula County property. "Together with" are words that create an easement. Because "together with" creates an easement, those words should be construed as "language of conveyance." Even if the words "together with" are not "language of conveyance," because the Sagebrush/Reiber-Knight NPI is an abstract of the Sagebrush/Reiber-Knight Warranty Deed – the instrument of conveyance – the Sagebrush/Reiber-Knight NPI conveyed an interest in that easement on April 19, 2002.

Additionally, Watterworth has an express easement over Sutherlands' property to Watterworth's Ravalli and Missoula County properties because the Vanek/Sutherlands March 1, 2021, Warranty Deed ("Sutherlands' Deed") provided the property was "subject to … easements … apparent or of record." The Sagebrush/Reiber-Knight Deed and Sagebrush/Reiber-Knight NPI identifying the 60' private access and utility easement over Sutherlands' property, through Watterworth's Ravalli County property and to Watterworth's Missoula County property were of record prior to 2021. They were recorded April 6, 2007, and May 28, 2002, respectively. Similarly, Certificates of Survey ("COS") 484308-R,

496440-R and 498388-R were recorded on September 4, 2001, May 28, 2002, and July 2, 2002, respectively. Each COS shows the Mine Road easement extending from 8 Mile Road, northerly through the Sutherlands' property, Watterworth's Ravalli County property, and Sagebrush's property in Tract 3, COS 498388-R to the Ravalli-Missoula County boundary.

Alternatively, Watterworth has an express easement to Watterworth's Ravalli County property because Sutherlands' property is described by reference to a Certificate of Survey, i.e., "Tract 2, [COS] 498388-R." Under Montana's easement by reference doctrine, COS 498388-R, is part of the Sutherlands' Deed. Every notation, line, description, mark, or depiction on the face of COS 498388-R is also included. COSs 484308-R and 496440-R are on the face of COS 498388-R; COS 484308-R is on the face of COS 496440-R.

Those COSs each depicted the Mine Road easement and its use. Neither the location of the Mine Road easement nor its use ever changed on those COSs. Those COSs provide the tracts shown (and they show Sutherlands' property and Watterworth's Ravalli County property) were "being surveyed and monumented according to the [COS], subject to easements and restrictions of record and/or apparent." Thus, alternatively, Watterworth has an express easement by reference over the Sutherlands' property to Watterworth's Ravalli County property.

Sutherlands assert affirmative defenses that: if any easement exists, the scope of Watterworth's easement overburdens their servient estate; the easement is void for vagueness; and Watterworth's counterclaims are barred by the statute of frauds or recording statutes. Doc. 5, p. 6 of 8. Nowhere do Sutherlands aver how the easement overburdens their property or is vague. *Id.* Nowhere do Sutherlands aver how Watterworth's counterclaims are barred by the statute of frauds or recording statutes. Under the law and the facts, each of these defenses are meritless.

Watterworth is entitled to summary judgment in Watterworth's favor on Plaintiffs' Complaint, Counts I and II of Watterworth's Counterclaims, and Sutherlands' affirmative defenses.

## II.   <u>FACTUAL BACKGROUND</u>

Sutherlands' property is legally described as Tract 2 of COS 498388-R. SUF 1. Tract 2, COS 498388-R is the E½SW¼ and a portion of the SE¼NW¼ of Section 1, Township 10 North, Range 19 West, Ravalli County. *Id.*

Watterworth's property in Sections 1 and 2, Township 10 North, Range 19 West, P.M.M., Ravalli County, Montana (formerly Tract 1, COS 496440-R; now COS 563701-R and Tract A, COS 581639-M) and Section 36, Township 11 North, Range 19 West, P.M.M., Missoula County, are contiguous. SUF 3, 4. The portion of Tract 1, COS 496440-R encompassing Gov't Lot 3 in Ravalli County is directly north of Sutherlands' property. *Id.*

As of April 19, 2002, Sagebrush Investments LLP ("Sagebrush") was the common owner of the Sutherlands' and Watterworth's properties. SUF 5. As of April 19, 2002, Sagebrush also owned Tract 3, COS 484308-R. SUF 6.

On September 4, 2001, COS 484308-R was recorded. SUF 7. COS 484308-R depicted a 60' private access and utility easement ("the Mine Road easement") extending from 8 Mile Road, through the now-Sutherland property, the southeastern portion of the Watterworth Ravalli County property, and Tract 3, COS 484308-R to the Ravalli-Missoula County boundary. SUF 8. COS 484308-R provided Tract 1 (which included Sutherlands' property in the E/2SW/4, Section 1), Tract 2 (which included Sutherlands' property in the SE/4NW/4, Section 1), and Tract 3 were "being surveyed and monumented according to this certificate of survey, subject to easements and restrictions of record and/or apparent." *Id*. Tract 3, COS 484308-R is directly east of Watterworth's Ravalli County property and northeast of Sutherland's property. SUF 4, 7, 14, 16 (*cf.* Docs. 3-5, 3-6 and 1-4).

On April 19, 2002, Sagebrush executed the Sagebrush/Reiber-Knight NPI and Sagebrush/Reiber-Knight Deed. SUF 9, 11. Those documents provided the now-Watterworth Ravalli and Missoula County properies were "ALSO TOGETHER WITH" an easement extending northerly from 8 Mile Road, through the now-Sutherlands' property and Watterworth Ravalli County property, to the southeasterly

portion of the property herein, i.e., the Watterworth Missoula County property. SUF 9, 11, 13.

On May 28, 2002, COS 494440-R and the Sagebrush/Reiber-Knight NPI were recorded. SUF 14. COS 496440-R identified the Mine Road easement in the same location and with the same use as COS 484308-R. SUF 8, 14, 15. COS 496440-R re-configured property boundaries and provided Tract 1 (Watterworth's Ravalli County property) and Tract 2 (which included Sutherlands' property in the SE/4NW/4, Section 1) were "being surveyed and monumented according to this certificate of survey, subject to easements and restrictions of record and/or apparent." SUF 15. COS 496440-R shows on its face COS 484308-R. *Id.*

On July 2, 2002, COS 498388-R was recorded. SUF 16. COS 498388-R identified the Mine Road easement in the same location and with the same use as on COSs 484308-R and 496440-R. SUF 8, 14-17. COS 498388-R re-configured property boundaries, including Tract 2, and provided Tract 2 (the entirety of Sutherlands' property) was "being surveyed and monumented according to this certificate of survey, subject to easements and restrictions of record and/or apparent." SUF 16. COS 498388-R shows on its face COSs 496440-R and 484308-R. *Id.*

The Mine Road easement's location did not change on COSs 484308-R, 496440-R or 498388-R. SUF 18. The Mine Road easement's use, "60' Private Access and Utility Easement," did not change on those COSs. SUF 19.

On August 1, 2002, Sagebrush executed a Quit Claim Deed ("Sagebrush/Holts Quitclaim Deed") conveying Tract 2, COS 498388-R to Holts. SUF 20. Exhibit A to that deed stated: "Tract 2, [COS 498388-R]. SUBJECT TO roadways and utility easement as shown on Certificate of Survey No. 498388-R. SUBJECT TO any … easements … of record or apparent on the premises." *Id.*

On April 6, 2007, the Sagebrush/Reiber-Knight Deed was recorded. SUF 11.

On November 23, 2016, Holts entered into a contract for deed for sale of Tract 2, COS 498388-R to Ginger Vanek. SUF 21. That same day Holts executed the Holt-Vanek NPI and Holt-Vanek Warranty Deed. SUF 21, 22. The Deed provided Holts "grant, bargain, sell, convey" to Vanek: "Tract 2, [COS] 498388-R **SUBJECT TO** all recorded … easements, rights-of-way…." SUF 22.

On February 16, 2021, Ginger Vanek executed a Warranty Deed conveying Tract 2, COS 498388-R to Sutherlands. SUF 23. That Deed provided Vanek "grant, bargain, sell and convey": "Tract 2, [COS] 498388-R SUBJECT TO … Easements and encumbrances apparent or of record." *Id.*

The Sagebrush/Reiber-Knight NPI and Sagebrush/Reiber-Knight Deed, respectively, were recorded in the Grantor/Grantee index of the Ravalli County

Clerk and Recorder's Office on May 28, 2002, and April 6, 2007. SUF 24, 25. Sagebrush was identified in the Grantor/Grantee index as Grantor on both documents. *Id.* Reiber-Knight were identified in the Grantor/Grantee index as Grantee on both documents. *Id*. On April 19, 2002, when Sagebrush executed the Sagebrush/Reiber-Knight NPI and Sagebrush/Reiber-Knight Deed, Sagebrush owned both the Watterworth Ravalli and Missoula County properties and the Sutherlands' property. SUF 26, 27. Both documents were therefore, in Sutherlands' chain of title prior to the Sutherlands' Deed. SUF 28, 29.

On January 4, 2021, Vanek disclosed to Sutherlands "easements identified in title report." SUF 30. In Sutherlands' title commitment – the December 28, 2002, First American title commitment – easements "which may exist" or were "disclosed" on COSs 484308-R, 496440-R and 498388-R were disclosed to Sutherlands. SUF 31. In Sutherlands' title policy – the March 2, 2021, Old Republic title policy – easements "which may exist" or were "disclosed" on COSs 484308-R, 496440-R and 498388-R were disclosed to Sutherlands. SUF 32.

## III.    SUMMARY JUDGMENT STANDARD

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rules Civ. Proc. Rule 56(a). An opposing party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). ". . . [T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48.

## IV.   <u>ARGUMENT</u>

Watterworth has an express easement over Sutherlands' property to Watterworth's Ravalli and Missoula County properties because the Sagebrush/Reiber-Knight Deed was executed April 19, 2002, and subsequently recorded. Under the doctrine of merger, the underlying contract merged into the Deed, not vice versa. The fact that the Deed was recorded in 2007, after Sagebrush no longer owned Sutherlands' property, has nothing to do with conveyance. As *Towsley* explained, the Warranty Deed is what conveys title.

Additionally, Watterworth has an express easement over Sutherlands' property to Watterworth's Ravalli and Missoula County properties because the Sagebrush/Reiber-Knight NPI conveyed an easement, or at the very least, an interest

in an easement over Sutherlands' property to Watterworth's Ravalli and Missoula County properties on April 19, 2002. The Sagebrush/Reiber-Knight NPI contains the words "together with" which are words that create an easement. Because "together with" creates an easement, those words should be construed as "language of conveyance." Even if the words "together with" are not "language of conveyance," because the Sagebrush/Reiber-Knight NPI is an abstract of the Sagebrush/Reiber-Knight Deed – the instrument of conveyance – the Sagebrush/Reiber-Knight NPI conveyed an interest in the easement.

Also, Watterworth has an express easement over Sutherlands' property to Watterworth's Ravalli and Missoula County properties because the Sutherlands' Deed provided Tract 2, COS 348388-R was "SUBJECT TO [any/all] easements … apparent or of record." The easement from 8 Mile Road, through Sutherlands' property, Watterworth's Ravalli County property, and to Watterworth's Missoula County property was identified and disclosed in both the Sagebrush/Reiber-Knight NPI and Sagebrush/Reiber-Knight Deed. The Mine Road easement was also described and depicted on COSs 484308-R, 496440-R and 498388-R. The Sagebrush/Reiber-Knight NPI, Sagebrush/Reiber-Knight Deed, and COSs 484308-R, 496440-R and 498388-R were all recorded before Sutherlands' Deed. Therefore, the Sutherlands took their property subject to any easement, including the Mine Road easement, in those documents.

Alternatively, Watterworth has an express easement over Sutherlands' property to Watterworth's Ravalli County property under Montana's easement by reference doctrine. Sutherlands' property is described as "Tract 2, [COS] 498388-R." COS 498388-R and everything on its face is incorporated into Sutherlands' Deed. COS 498388-R, on its face, referenced COS 496440-R and COS 484308-R, and COS 496440-R, on its face, referenced COS 484308-R. As a result, everything on the face of COSs 484308-R, 496440-R, and 498388-R were incorporated into the Sutherlands' Deed. COSs 484308-R, 496440-R, and 498388-R depicted and described the Mine Road easement, which was sufficient to create this easement over Sutherlands' property under the easement by reference doctrine.

The easement in the Sagebrush/Reiber-Knight Deed and Sagebrush/Reiber-Knight NPI meets all requirements of *Towsley* as well as being properly acknowledged and recorded. Similarly, COSs 484308-R, 496440-R, and 498388-R were properly acknowledged and recorded. They too adequately described the location, nature and use and all tracts subject to the Mine Road easement. None of Sutherlands' affirmative defenses have merit.

A.   **The Easement From 8 Mile Road, Through Sutherland's Property And Watterworth's Ravalli County Property, To Watterworth's Missoula County Property Was Created By The Sagebrush/Reiber-Knight Deed On April 19, 2002.**

Recording "has nothing to do with conveying title." *Towsley v. Stanzak*, 519 P.3d 817, 824 (Mont. 2022); *Blakely v. Kelstrup*, 708 P.2d 253, 254 (Mont. 1985). Recording is merely a device to establish priority. *Towsley*, at 824.

A "warranty deed" immediately transfers a property interest," whereas, a contract for deed is an executory contract for sale and purchase of property, which states conditions to a transfer of property. *Towsley*, at 824. Consequently, an executory contract for deed is not the instrument of conveyance for the transaction; conveyance occurs by way of the deed. *Id*. "Thus, when a deed has been executed, the purchaser's rights are generally found in the deed covenants, not the executed contract." *Id*.

When used in a deed, "together with" creates an easement. *Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops. Inc.*, 164 P.3d 851, 858 (Mont. 2007); *Mary Ellen Duke Trust v. Lee Lou, LLC*, 535 P.3d 1133, 1138 (Mont. 2023).

The Sagebrush/Reiber-Knight NPI and Sagebrush/Reiber-Knight Deed both identified that Watterworth's Ravalli and Missoula County properties were sold "ALSO TOGETHER WITH a 60 foot wide road and utility easement extending Northerly from 8 Mile Road, through the W½ of Section 1, along 'Mine Road,' to the Southeasterly portion of the property herein." SUF 10, 13. Thus, ignoring for a

moment the Mine Road easement had been depicted on COSs 484308-R and 496440-R, the Sagebrush/Rieber Knight Deed created an easement across Mine Road through Sutherlands' property and Watterworth's Ravalli County property to Watterworth's Missoula County property on April 19, 2002. The fact the deed was not recorded until after Sagebrush ceased common ownership of the Sutherlands' and Watterworth's properties makes no difference. As *Towsley* made clear, recording had nothing to do with conveying title.

In *Towsley,* in April 1975, Rose (the seller) recorded COS 569 dividing Rose's property into Parcel 1 and remaining property. *Towsley,* at 819. COS 569 depicted a "private road easement" (the "Claimed Easement") connecting Parcel 1 to a road on Rose's remaining property. *Id.* Two months later, in July 1975, Rose recorded COS 648 dividing Rose's remaining property into two parcels south and west of Parcel 1. *Id.*at 820. COS 648 identified an easement ("replacement easement for C.S. # 569 parcel") for Parcel 1 along one of the new parcel's boundary. *Id.*

In November 1977, Rose entered into a contract for deed for sale of Parcel 1 to Benjamins, executed a warranty deed ("1975 Warranty Deed") and recorded an NPI ("1977 NPI"). *Id.* The NPI stated Parcel 1 was "*[s]ubject to* a 30 foot access easement … according to COS 569." *Towsley,* at 820*. (emphasis added.) The underlying contract for deed provided the 1975 Warranty Deed would be delivered

to Benjamins after full payment was made. *Id.* at 821. The 1975 Warranty Deed, however, was never delivered to Benjamins, nor recorded. *Id*.

Instead, in December 1979, Benjamins recorded COS 2233 dividing Parcel 1 into three smaller parcels (Parcels A, B, and C). *Towsley,* at 821. COS 2233 did not depict or describe the Claimed Easement, consistent with the statement on COS 648 the Claimed Easement had been replaced. *Id..* Additionally, the same day COS 2233 was recorded, Rose recorded deeds of easements granting access easements to Benjamins for the benefit of Parcels A, B and C. *Id.* Parcel C was further subdivided into Parcel C-1 and remainder of Parcel C. *Id.* By warranty deeds – not the 1975 Warranty Deed – Rose deeded Parcels A, B, C and C-1 to Benjamins; Benjamins subsequently sold those parcels to Stanzaks. *Id.* Thus, because the 1975 Warranty deed was never delivered or recorded, the Benjamins lost whatever rights they had in the 1975 Warranty Deed.

Perhaps because they never received the 1975 Warranty Deed, Stanzaks claimed they had an interest in the Claimed Easement (the COS 569 easement) based on COS 569 and the 1977 NPI. *Towsley*, at 821. Stanzaks argued the 1977 NPI conveyed the Claimed Easement. *Id.* at 822. Alternatively, Stanzaks argued the 1977 NPI was an *abstract of the contract for deed*, i.e., the instrument of conveyance. *Id.* Therefore, Stanzak argued under MCA § 70-21-305, the NPI had the same effect as the 1975 Warranty Deed. *Id.* Rose contended the 1977 NPI did not transfer the

Claimed Easement (the COS 569 easement) because it had no "language of conveyance" and thus could not transfer title. *Id.,* at 821-22. Alternatively, Rose contended the adjustment of the Claimed Easement (the COS 569 easement) by COS 648 and COS 2233 extinguished the COS 569 easement. *Id*.

> Addressing those competing arguments, the Court began by stating:
>
> An expressly granted appurtenant easement, as claimed here, requires [1] the grantor to hold title to both the dominant and servient estates, and [2] the severance of those estates must be made in a written instrument of conveyance that is substantively sufficient to convey the severed estate, grant or reserve the intended easement, identify the dominant and servient estates, and indicate the nature and scope of the right reciprocally burdening and benefitting the servient and dominant estates.
> \*\*\*
> The instrument of conveyance and the referenced document(s) "must be sufficient together to express clear and unambiguous grantor intent to grant or reserve an easement in a manner that clearly and unambiguously describes or otherwise manifests with reasonable certainty the intended dominant and servient estates, use, and location of the easement."
>
> Additionally, to constitute a valid conveyance, the instrument must, "(1) identify the grantor and the grantee, (2) adequately describe what is being conveyed, (3) *contain language of conveyance*, and (4) be signed."

*Towsley,* at 822-23.

The Court held the NPI could not have created an easement because it did not "contain language of conveyance" or other "language that would 'effect the conveyance' of the easement." *Towsley,* at 823. "Thus, by its language, the NPI

merely provided notice of a potential grant of the property, to be effectuated by deed upon future performance of the contract." *Id.,* at 823-24.

The Court also rejected Stanzak's argument the NPI qualified as an abstract of a conveyance – the contract for deed – pursuant to MCA § 70-21-305. *Towsley,* at 824. The Court explained that under MCA § 70-21-305, "a recorded abstract must be an abstract of an *instrument of conveyance* to effectuate the transfer of property." *Id.* (emphasis added). The Court held a warranty deed immediately transfers a property interest, whereas a contract for deed is an executory contract for sale and purchase of property, "which states conditions precedent to a transfer of property." *Id.* The Court explained that "[i]t is upon this distinction that the doctrine of merger by deed is premised." *Id*.

> Following performance of the contract, and upon execution of a deed, the provisions of the contract for sale merge into the deed and any non-collateral terms are extinguished. Thus, when a deed has been executed, the purchaser's rights are generally found in the deed covenants, not the executed contract. Consequently, the executory contract for deed entered by the parties would not have served as the instrument of conveyance for the transaction; conveyance would have occurred by way of the contracted warranty deed. But here, that deed, transferring the Claimed Easement as provided in the contract, was never recorded, and Stanzak's predecessors did not obtain that property interest.

*Towsley*, at 824. (internal citations omitted). *Towsley* is not the situation here.

Here, Sagebrush executed the Sagebrush/Reiber-Knight Deed on April 19, 2002. Reiber-Knight then performed under the contract for deed and the deed was delivered to them and recorded. Thus, under the doctrine of merger, Reiber-Knight's

rights are found in the Sagebrush/Reiber-Knight Deed. *See Towsley,* at 824; *Urquhart v. Teller,* 958 P.2d 714, 719 (Mont. 1998); *Richman v. Gehring Ranch Corp.,* 37 P.3d 732, 735 (Mont. 2001); *Tungsten Holdings v. Olson*, 50 P.3d 1086, 1089 (Mont. 2002).

Nothing in that Deed provides the easement will begin only when the Deed was recorded. Nothing in that Deed provided it did not take effect until recording. Instead, that Deed provided as of April 19, 2002, Sagebrush conveyed the now-Watterworth property "**TOGETHER WITH** a 60' wide road and utility easement … through the [now Sutherland property and Watterworth Ravalli County property] along 'Mine Road' to the Southeasterly portion of the property herein [the now-Watterworth Missoula County Property]." Thus, even though not recorded until 2007, since Reiber-Knight performed under the contract for deed and the contract merged into the deed, the easement over the Sutherlands' property through Watterworth's Ravalli County property and to Watterworth's Missoula County property was created on April 19, 2002, the date the Sagebrush/Reiber-Knight Deed was executed.

The Sagebrush/Reiber-Knight Deed met every *Towsley* requirement. Sagebrush held title to both the now-Watterworth property (the dominant estate) and the now-Sutherlands' property (the servient estate) when it executed the Deed. SUF 5, 24-27. The Deed identified the grantor (Sagebrush), grantee (Reiber-Knight),

contained language of conveyance (grant, bargain, sell and convey), and was signed (by the "Authorize[d] Committee Members" of Sagebrush). *Id*. The Deed adequately described the easement's location, nature and use – a 60' wide road and utility easement from 8 Mile Road through the W½ of Section 1 (the now-Sutherlands property and Watterworth Ravalli County property), along Mine Road to the southeasterly portion of the property herein (the now-Watterworth Missoula County property). SUF 12-13.

**B.    The Sagebrush/Reiber-Knight NPI Created The Easement To Watterworth's Ravalli And Missoula County Properties Or At The Very Least, Created An Interest In The Easement Because It Constituted An Abstract Of The Sagebrush/Reiber-Knight Deed.**

The Sagebrush/Reiber-Knight NPI created the easement from 8 Mile Road, through Sutherlands' property, Watterworth's Ravalli County property, and to Watterworth's Missoula County property on April 19, 2002, because it contained language of conveyance, i.e., "together with." Specifically, the Sagebrush/Reiber-Knight NPI provided the now-Watterworth Ravalli and Missoula County properties were "ALSO TOGETHER WITH" the easement extending northerly from 8 Mile Road, through the Sutherlands' and Watterworth's Ravalli County properties and to the Ravalli-Missoula County boundary. "Together with" are words that create an easement. *Mary J. Baker Revocable Trust.,* 164 P.3d at 858; *Mary Ellen Duke Trust,* 535 P.3d at 1138. Because it contained those words and was recorded on April 19, 2002, that NPI created that easement that day.

Even if "together with" are not construed as "language of conveyance," the Sagebrush/Reiber-Knight NPI has the same effect as the Sagebrush/Reiber-Knight Deed. Just as *Towsley* supports, the Sagebrush/Reiber-Knight NPI was an abstract of the Sagebrush/Reiber-Knight Deed – the instrument of conveyance.

In *Towsley,* the Court explained "[a]n instrument lacking language of conveyance may nonetheless create an interest in an easement if the instrument constitutes an abstract of a separate, valid instrument of conveyance," and is acknowledged or proved and certified and recorded as prescribed by law. *Towsley,* at 823, citing § 70-21-305, MCA ("[a]n abstract of a conveyance … shall have the same effect for all purposes … as if the conveyance … had been … recorded….").

The Sagebrush/Reiber-Knight NPI and Sagebrush/Reiber-Knight Deed contain the same Exhibit A. SUF 10, 12, 13. Both documents state the interest being purchased, i.e., the now-Watterworth property, together with a 60' wide road and utility access easement from 8 Mile Road, through Sutherlands' property, Watterworth's Ravalli County property and to Watterworth's Missoula County property. *Id.* The Sagebrush/Reiber-Knight NPI was acknowledged and recorded in Ravalli and Missoula County. SUF 9.

As discussed above, the Sagebrush/Reiber-Knight Deed met each *Towsley* requirement. In contrast to the *Towsley* NPI which provided the property was "subject to" easements, the Sagebrush/Reiber-Knight NPI contained words creating

an easement, i.e., "together with." *Mary J. Baker Revocable Trust,* 164 P.3d at 858;
*cf. Wild River Adventures v. Board of Trustees of Sch. Dist. No. 8,* 812 P.2d at 347
("subject to" does not create an easement); *Mary Ellen Duke Trust,* 535 P.3d at 1138
(same).

Therefore, even if the Sagebrush/Reiber-Knight NPI "lack[ed] language of
conveyance," because it was an abstract of the Sagebrush/Reiber-Knight Deed,
acknowledged and recorded, it "has the same effect for all purposes … as if the
conveyance … had been … recorded…" *Towsley,* at 823; MCA § 70-21-305. Thus,
on April 19, 2002, the day it was signed, the NPI created an interest in the easement
from 8 Mile Road, across Sutherlands' property and Watterworth's Ravalli County
property to Watterworth's Missoula County property. *Id.*

## C. Additionally, Sutherlands' Property Was Subject To All Easements Of Record.

The Sutherlands' Deed provided Vanek "grant, bargain, sell and convey" to
Sutherlands: "Tract 2, [COS] 498388-R SUBJECT TO … Easements and
encumbrances apparent or of record." SUF 23. The Sagebrush/Reiber-Knight NPI
and Sagebrush/Reiber-Knight Deed were of record on May 28, 2002, and April 6,
2007, respectively, well before Sutherlands acquired their property. SUF 9, 11. The
Sagebrush/Reiber-Knight NPI and Sagebrush/Reiber-Knight Deed had been in
Sutherlands' chain of title since the dates they were recorded. SUF 24-29.

The Montana Supreme Court has explained "a prospective purchaser is on constructive notice of recorded servitudes and encumbrances granted by the existing and prior owners of the parcel in question during the respective periods when each owner held title to the parcel." *Earl v. Pavex, Corp.,* 313 P.3d 154, 165 (Mont. 2013). Thus, had Sutherlands (if they did not) "properly searched and examined the grantor index for conveyances by [Sagebrush] during [its] ownership of the land now comprising Tract 2, [COS 498388-R – the Sutherlands' property,] the[y] would have discovered the [Watterworth's 60' wide private access and utility] easement." *Id.* Because Sutherlands "were on constructive notice of the easement," the easement in the Sagebrush/Reiber-Knight NPI and Sagebrush/Reiber-Knight Deed "is enforceable against the [Sutherlands]." *Id.*

Similarly, Sutherlands purchased their property subject to the Mine Road easement depicted on COSs 484308-R, 496440-R, and 498388-R as those documents were recorded prior to the Sutherlands acquiring their property. Those COSs were recorded September 4, 2001, May 28, 2002, and July 2, 2002, respectively. SUF 7, 14, 16. They depicted the Mine Road easement extending northerly from 8 Mile Road, through Sutherlands' property and Watterworth's Ravalli County property, through Sagebrush's Tract 3, COS 498388-R and to the Ravalli-Missoula County boundary. SUF 8, 15, 17. Thus, the Mine Road easement depicted on those COSs is enforceable against Sutherlands.

Moreover, in addition to being on constructive notice of the Mine Road easement on COSs 484308-R, 496440-R, and 498388-R, Sutherlands had actual notice the Mine Road easement existed. SUF 30-32. Vanek told them so on January 4, 2021. SUF 30. First American Title told them so in their December 28, 2020, title commitment. SUF 31. Old Republic told them so in their March 1, 2021, title policy. SUF 32. For this separate reason, the Mine Road easement depicted on those COSs is enforceable against the Sutherlands.

### D. Alternatively, The Mine Road Easement Was Created Under The Easement By Reference Doctrine.

Sutherlands' property utilized COS 498388-R to legally describe the property. SUF 1. Thus, if it did not otherwise already exist, the Mine Road easement was created under the easement by reference doctrine.

Under the easement by reference doctrine, when a deed references a certificate of survey, the referenced certificate of survey, including all notations, certifications, lines, descriptions, marks, and depictions are incorporated into the deed. *Ash v. Merlette*, 407 P.3d 304, 309 (Mont. 2017); *see also John Alexander Ethen Trust Agreement v. River Res. Outfitters, LLC,* 256 P.3d 913, 919 (Mont. 2011) (prior deeds, face of COS, and retracement survey reviewed for assistance in identifying parcel's boundary lines).

The "… easement-by-reference doctrine contemplates that an explicit reference in the deed to a plat or certificate of survey on which an easement is clearly

depicted and adequately described is sufficient to establish the easement." *Blazer v. Wall*, 183 P.3d 84, 93-94, 97-98 (Mont. 2008). An easement is adequately described, if it shows the easement's use, e.g., "road and utility easement," and the benefitted and burdened parcels, e.g., the easement crossing the parcels shown on the survey. *Id.* at 100. An easement referenced on a certificate of survey does not benefit a property not shown on the certificate of survey. *Id.*, at 99. The properties burdened and benefitted by an easement need not be on a single survey, i.e., as a common property owner divides and re-configures a larger parcel, the easement may be shown on different tracts on different surveys. *See Towsley, infra.*

In *Towsley,* the Court tracked easement(s) on three COSs as the property owner divided its larger property into smaller parcels. *Towsley,* at 819-21. An April 1995 COS (COS 569) depicted the easement. *Id.* at 820. A July 1975 COS (COS 648) again depicted an easement but stated it was a replacement easement for the easement on the April 1995 COS (COS 569). *Id.* A November 1977 COS (COS 2233) did not depict or describe the easements from the April 1975 COS (COS 569) or July 1975 COS (COS 648). *Id.* at 821. Instead, the November 1977 COS (COS 2233) depicted new easements. *Id.* That is not the situation here.

Like Rose, the original property owner in *Towsley,* Sagebrush prepared three COSs as it divided its property into different tracts. COS 484308-R was recorded

September 4, 2001. SUF 7. COS 496440-R was recorded May 28, 2002. SUF 14. COS 498388-R was recorded July 2, 2002. SUF 16.

Unlike *Towsley,* however, the Mine Road easement never moved on any of those surveys. SUF, 7, 8, 14-19. The Mine Road easement was clearly depicted on each survey extending from 8 Mile Road, northerly over the now-Sutherland property, across Watterworth's Ravalli County property, onto Sagebrush's Ravalli County property, and to the Ravalli-Missoula County border. *Id.*

COSs 484308-R, 496440-R and 498388-R adequately described the benefitted and burdened parcels and the Mine Road easement's nature and use – a 60' wide private access and utility easement. They divided Sutherlands' and Watterworth's Ravalli County properties into Tract 2 and 1, respectively.

Also, unlike *Towsley,* the Mine Road easement's use never changed on COSs 484308-R, 496440-R or 498388-R. SUF 7, 8, 14-19; *cf. Towsley*. Its use was always described as "60' wide private access and utility easement." *Id*. COSs 484308-R, 498388-R and 496440-R identified Sutherlands' property (Tract 2) and Watterworth's Ravalli County property (Tract 1), respectively, by their legal description. *Id.* COSs 484308-R, 496440-R and 498388-R stated Sutherlands' property and Watterworth's Ravalli County property were "being surveyed and monumented according to the [COS], subject to easements and restrictions of record and/or apparent." *Id.*

Further, COS 498388-R included on its face references to COS 484308-R and COS 496440-R. SUF 17. COS 496440-R included on its face reference to COS 484308-R. SUF ¶ 15. Sutherlands' Deed, like all predecessor deeds, described Sutherlands' property as "Tract 2, [COS] 498388-R" and "subject to … [all/any] easements… apparent or of record." *See* SUF 23; *see also* SUF 20, 22.

Moreover, Sutherlands' title commitment and policy stated that easements were "disclosed" on COSs 484388-R, 496440-R, and 498388-R. SUF 31, 32. Vanek also told Sutherlands on January 4, 2021, that easements were disclosed on the title report. SUF 30. Of course, the Mine Road easement was disclosed on COSs 484388-R, 496440-R, and 498388-R.

Therefore, because Sutherlands' property is described as "Tract 2, [COS] 498388-R" "SUBJECT TO … Easements… apparent or of record," and COSs 484308-R, 496440-R, and 498388-R adequately described the Mine Road easement's location, nature and use, Watterworth has a 60' private access and utility easement by reference on Mine Road over the Sutherlands' property to Watterworth's Ravalli County property.

### E.   Sutherlands' Affirmative Defenses Lack Merit.

Sutherlands' statue of fraud defense lacks merit. Montana's statute of frauds, MCA § 70-20-101, does not apply to an estate in real property created, granted or otherwise declared by operation of law. It also does not apply to an instrument in

writing, subscribed by the party creating, granting or otherwise declaring the estate. An easement by reference, e.g., the Mine Road easement on COSs 484308-R, 496440-R and 498388-R, is created by operation of law. *See Ash, supra; John Alexander Ethen Trust, supra.* Both the Sagebrush/Reiber-Knight Warranty Deed and Sagebrush/Reiber-Knight NPI met all *Towsley* requirements. Sutherlands' affirmative defense that Watterworth's claims are barred by Montana's recording statutes fail for the same reason.

Sutherlands do not aver a single fact on how the easement in the Sagebrush/Reiber-Knight Deed and Sagebrush/Reiber-Knight NPI or COSs 484308-R, 496440-R and 498388-R overburdens their property or is vague. Indeed, in their brief in support of their Motion for Partial Summary Judgment (Doc. 7), Sutherlands cite to *Yorlum Properties Ltd. v. Lincoln Cnty.*, 311 P.3d 748 (Mont. 2013) for a survey "which is really the prototypical easement-by-reference concept." Doc. 7, p. 19. That survey excerpt had no legal description nor shows the entirety of any parcel. *Id*. It may be that the entire parcels are shown on the full survey but so are Sutherlands' and Watterworth's Ravalli County properties.

The *Yorlum* excerpt simply shows a "30' PRIVATE EASEMENT" stopping or starting at one point (Lot 5-B) and touching a boundary line of another property (cul-de-sac on Lot 5-A-1). *Id., p. 19; see also Halverson v. Turner,* 885 P.2d 1285, 1287–88 (Mont. 1994) (COS showed 30' easement extending from landlocked

parcel across other parcel to public road); *Pearson v. Virginia City Ranches Ass'n,* 993 P.2d 688, 692 (Mont. 2000) (plat depicted bridle path easement across lots). Similarly, COSs 484308-R, 496440-R and 498388-R show a "60' private access and utility easement" extending from 8 Mile Road, across Sutherlands' and Watterworth's Ravalli County properties to the Ravalli-Missoula County boundary. For comparison, the *Yorlum* COS excerpt and COS 498388-R excerpt are below:





The property outlined in green and yellow on the COS 498388-R excerpt are the Sutherlands' and Watterworth's Ravalli County properties, respectively.  Neither COS 498388-R nor the *Yorlum* COS use the words burdened and benefitted or dominant and servient. They simply depict the easement, its use ("60' private access and utility" / "30' private access"), and properties crossed or touched by the easements. That's it.

COSs 484308-R, 496440-R and 498388-R are not vague. They adequately described the benefited and burdened parcels – they each depict the Mine Road easement over Sutherlands' property to Watterworth's Ravalli County property. They describe the Mine Road easement's use - a "60' private access and utility easement." The COSs divided Sutherlands' and Watterworth's Ravalli County properties into Tract 2 and 1, respectively. The COSs state Tract 2 and 1 are "being surveyed and monumented according to the [COS], *subject to easements and restrictions of record and/or apparent*." Tracts 1 and 2 are legally described on the COSs.

*Mary J. Baker Revocable Trust* also makes short shrift of Sutherlands' overburden and vagueness defenses. In that case, the easement granted to Cenex was the "right to construct, maintain, inspect, operate, protect, repair, replace, change the size of or remove a pipeline or pipelines or other appurtenances, for the transportation of oil, liquids and/or gases and the products thereof, together with a

buried fiber optic communications cable, in, on, under, or upon and along a strip of land." 2004 Mont. Dist. LEXIS 3149 **2. Cenex granted another entity the right to use a portion of the fiber optic cable. *Id*. Plaintiffs asserted Cenex was precluded from allowing another entity to use the cable for any purpose except for the operation and maintenance of the cable. *Id*., **3. Cenex contended the easement did not limit how the cable may be used or preclude Cenex from assigning its rights. *Id.,* **3-4. The Court found nothing ambiguous about the easement. *Id.,* **10 ("In the plainest terms possible it grants Cenex an easement to install a fiber optic communications cable and places no limitations upon its use."). The Supreme Court affirmed. *See Mary J. Baker Revocable Trust,* 164 P.3d at 870.

### V.    <u>CONCLUSION</u>

For the reasons noted above, Watterworth respectfully requests the Court enter summary judgment in its favor and: (i) dismiss Sutherlands' claim against it and Sutherlands' affirmative defenses; (ii) declare a 60' private access and utility easement exists over Mine Road on Sutherlands' property to Watterworth's Ravalli and Missoula County properties; or, (iii) in the alternative, declare a 60' private access and utility easement exists over Mine Road on Sutherlands' property to Watterworth's Ravalli County property under the easement by reference doctrine.

Respectfully submitted this 12th day of March, 2024.

MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.

/s/ Dale R. Cockrell
Dale R. Cockrell
Sean Christensen
PO Box 7370
Kalispell, MT 5990
Email: dcockrell@mcgalaw.com
            schristensen@mcgalaw.com

*Attorneys for Paul J. Watterworth, as Trustee
of the Paul J. Watterworth Revocable Trust*

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(d)(2)</u>

I certify that, under L.R. 7.1(d)(2) for the U.S. District Court for the District of Montana, that Watterworth's Brief in Support of Motion for Summary Judgment is 6,301 words, including footnotes and excluding the caption, Certificate of Compliance, Table of Contents, Table of Authorities, and Certificate of Service.

Dated: March 12, 2024

/s/ Dale R. Cockrell
Dale R. Cockrell
dcockrell@mcgalaw.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing document was served upon the following individuals by:

[X] CM/ECF               Jesse Kodadek
[ ] U.S. Mail             William T. Casey
[ ] Federal Express      PARSONS BEHLE & LATIMER
[ ] Hand-Delivery       127 East Main Street, Suite 301
[ ] Facsimile            Missoula, MT 59802
[ ] E-Mail               jkodadek@parsonsbehle.com
                            wcasey@parsonsbehle.com

*Attorneys for Plaintiffs*

Dated this 12th day of March, 2024.

/s/ Dale R. Cockrell
Dale R. Cockrell