Dale R. Cockrell
Sean Christensen
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile:  (406) 756-6522
Email: dcockrell@mcgalaw.com
       schristensen@mcgalaw.com

*Attorneys for Paul J. Watterworth, as Trustee
of the Paul J. Watterworth Revocable Trust*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| HUGH SUTHERLAND and KIM D. SUTHERLAND, | Case No. 9:23-cv-00130-DLC |
|---|---|
| Plaintiffs, | **REPLY BRIEF IN SUPPORT OF WATTERWORTH'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| PAUL J. WATTERWORTH, as TRUSTEE OF THE PAUL J. WATTERWORTH REVOCABLE TRUST, | |
| Defendant. | |

## I.      INTRODUCTION

Sutherlands make two arguments in response to Watterworth's motion for summary judgment. Both lack merit.

First, relying on MCA §§ 70-1-508 and 70-1-510, Sutherlands argue because Sagebrush did not own the now-Sutherland property in 2007 when the

Sagebrush/Reiber-Knight Warranty Deed was "delivered" to Reiber-Knight and Reiber-Knight obtained <u>legal</u> title, Sagebrush could not convey the easement in the Sagebrush/Reiber-Knight Warranty Deed to Reiber-Knight. Not so. Real property in Montana has both legal and equitable title. Equitable title is conveyed the day a deed is executed. Generally, legal title is conveyed the date the deed is provided to the purchaser, but with a contract for deed, upon performance of the contract and "actual" delivery of the deed, legal title relates back to the date of the deed. Thus, because Reiber-Knight performed and the deed was "actually delivered" to them, they obtained both equitable and legal title on April 19, 2002. Therefore, Sagebrush could and did convey the Mine Road easement to Reiber-Knight on April 19, 2002. The Deed's "actual" delivery and recording in 2007 had nothing to do with Reiber-Knight obtaining or Sagebrush granting the easement over Mine Road on the now-Sutherland property.

Moreover, Title 70, Ch. 1, Part 5 applies to live persons, not corporate entities. Even if it applied, "delivery" can be actual or constructive. MCA § 70-1-512, which Sutherlands do not discuss, provides that although a grant is not actually delivered into the possession of the grantee, it is considered constructively delivered to the grantee when it is delivered to an escrow for the benefit of the grantee.

Second, Sutherlands' argue COS 498388 does not "satisfy the easement-by-reference doctrine" because "none of Watterworth's properties are legally described

on COS 498388-R." Thus, they argue, parol evidence cannot be used to demonstrate, under the easement-by-reference doctrine, that the Mine Road easement applies to Watterworth's Ravalli County property. Contrary to their protestations, conveyance of real property by reference to a certificate of survey "incorporates the referenced certificate of survey, including all notes, certifications, lines, descriptions, land marks, and depictions therein, into the deed as if set forth on the face of the deed" and any other document in the chain of title. As a result, even if treated as parol evidence, COSs 484308-R and 496440-R are not excluded under the parol evidence rule.

Sutherlands do not dispute[1] a single fact in Watterworth's Statement of Facts (SUF) (Doc. 18). Sutherlands instead refer to "Additional Facts." There are two problems with Sutherlands' "Additional Facts." First, none change the legal question before this court: Whether Watterworth has an express easement over Sutherlands' property on Mine Road to its Ravalli and Missoula County properties, or if not, whether Watterworth has an easement by reference over Sutherlands' property on Mine Road to its Ravalli County property. Second, Sutherlands' "Additional Facts" are inadmissible hearsay or self-serving statements not relevant to the legal inquiry here. *Arthur v. Windsor Shadows Homeowner's Assn.,* 2024 U.S. App. LEXIS 6238,

---

[1] Sutherlands note a typographical error in SUF 14 which incorrectly identified COS 496440-R as Doc 1-4; Doc 1-4 is COS 498388-R and Doc. 3-6 is 496440-R.

2024 WL 1133576 (9th Cir. 2024) (hearsay inadmissible); *Ironhawk Techs., Inc. v. Dropbox, Inc.,* 994 F.3d 1107, 1122 (9th Cir. 2021) (self-serving statements not relevant to the legal inquiry inadmissible).

Sutherlands did not oppose Watterworth's motion on Sutherlands' affirmative defenses. Thus, all their affirmative defenses should be struck.

Finally, Sutherlands did not respond to Watterworth's discussion of *Towsley's* holding that an NPI may create an interest in an easement. Doc. 17, at 23 of 27-24 of 27. Nor do they address *Towsley's* holding that recording has no effect on a deed or Montana's doctrine of merger. *Id.,* at 20 of 27-21 of 27. Because those arguments were addressed in Watterworth's opening brief, they will not be re-addressed here.

## II.  ARGUMENT

### A.  Equitable Title Existed and Legal Title Related Back To April 19, 2002, The Date The Sagebrush/Reiber-Knight Deed Was Executed. Thus, Sagebrush Could And Did Convey The Mine Road Easement To Watterworth's Ravalli and Missoula County Property April 19, 2002.

"A [party] purchasing real property pursuant to a contract for deed holds an equitable title" and beneficial ownership of the property from the date of the contract. *Hannah v. Martinson,* 758 P.2d 276, 278 (Mont. 1988); citing *Estate of Wooten*, 643 P.2d 1196, 1199 (Mont. 1982) (same); *Calvin v. Custer Co.,* 107 P.2d 134, 136 (Mont. 1940); *Kern v. Robertson*, 12 P.2d 565 (Mont. 1932); *Stiles v. Mont.*

*Seventeenth Judicial Dist. Court*, 286 P.3d 247 (Mont. 2012) (contract for deed purchaser holds equitable title to the property).

The seller holds "bare legal title" as security for purchase price. *Hannah,* 758 P.2d at 278; *Schultz v. Campbell,* 413 P.2d 879, 882 (Mont. 1966); *Calvin,* 107 P.2d at 136. Legal title remains vested in the vendor until such time as the contractual provisions are fully performed. *Stiles*, 286 P.3d at 247, ¶ 11. Under the doctrine of equitable conversion, a contract for the sale of real property converts the seller's interest from an owner of real property to an owner of personalty. *Estate of Wooten,* 634 P.2d at 1199-1200; *Calvin,* 107 P.2d at 136 (same). The subsequent transfer of legal title does not act to exclude prior equitable title. *Hannah,* 758 P.2d at 278.

More importantly, when the purchaser in a contract for deed performs and receives "actual" delivery of the deed, "title relates back to the date of the execution of the contract." *Calvin,* 107 P.2d at 136 ("contract fully carried out by [U.S.];" title relates back to date of contract); *American Waterworks & Electric Co. v. Towle,* 245 F. 706, 709-710 (9th Cir. 1917) (legal title remains in seller, equitable title in purchaser while deed remains in escrow; upon final payment by and actual delivery of deed to purchaser, legal title relates back to date deed was executed); *Gibson v. Chouteau,* 80 U.S. 92 (1871) (relation back doctrine is a fiction of law that an act was done at some antecedent period; it applies where several proceedings are essential to complete a particular transaction, such as a conveyance or deed. "The

last proceeding which consummates the conveyance is held for certain purposes to take effect by relation as of the day when the first proceeding was had."). "This result rests upon the familiar principle that equity regards that as done which is agreed to be done." *Calvin,* 107 P.2d at 136. When the contract is carried out, "equitable conversion took place as of the date of the contract…." *Id.,* 136-137.

Sutherlands' reliance on MCA § 70-1-508 and -510 is misplaced. MCA Title 70, Ch. 1, Part 5, applies to transfers from living persons, not corporate entities, e.g., Sagebrush. *See* MCA § 70-1-501 (title to property conveyed from living person to another). Nevertheless, even if MCA Title 70, Ch. 1, Part 5 applied, under MCA § 70-1-512, the Sagebrush/Reiber-Knight Deed was constructively delivered to Reiber-Knight on April 19, 2002. *See* MCA § 70-1-512 (grant is constructively delivered to grantee where delivered to stranger for grantee's benefit).

Further, MCA § 70-1-512, was adopted based on Cal. Code § 1059. *See* MCA § 70-1-512. In *Miller & Lux v. Sparkman,* 128 Cal.App. 449, 455 (Cal.App.3rd Dist., 1932), quoting § 1059, the court held that where a deed was placed in escrow and then delivered after the conditions of an agreement were fulfilled, the title relates back to the date of the deed's execution; "and the rights of the parties are the same as if the deeds had been delivered on such date." *See also Hidalgo County Appraisal Dist. v. HIC Tex. I, L.L.C.,* 2009 Tex. App. LEXIS 1769 **7-8, 2009 WL 620468

(C.A., 13th Dist., 2009) (same); *Blackmer v. Blackmer,* 525 P.2d 559 (Mont. 1947) (deed placed in escrow is "a good, valid and legal delivery").

Sutherlands' reliance on *Carnahan v. Gupton,* 96 P.2d 513 (Mont. 1939); *Hart v. Barron,* 204 P.2d 797 (Mont. 1949), *Silfvast v. Asplund,* 20 P.2d 631 (Mont. 1933), and *Romain v. Earl Schwartz Co.,* 779 P.2d 54 (Mont. 1989) does not save them. Those cases all dealt with deeds executed by living persons and in each case, the purchaser either did not perform under the contract or the deed was not placed in escrow. *See Carnahan*, 96 P.2d at 514 (grantor placed deed in safe deposit box, not in escrow); *Hart,* 204 P.2d at 809-811 (purchaser did not fully perform; deed improperly provided and recorded); *Silfvast,* 20 P.2d at 634 (purchaser ceased payments, declared in default); *Romain*, 779 P.2d at 503 (grantor provided deed to purchaser although contract for deed not completed; thus "all title" transferred by that act). None addressed constructive delivery under MCA § 70-1-512. Additionally, none addressed equitable title or how the relation back doctrine applies to legal title when a purchaser completes a contract for deed and receives "actual" delivery of a deed. *See Calvin, supra; Miller, supra.* Finally, while Sutherlands' quote a portion of a sentence in *Hart* quoting a portion of a sentence from 19 Am. Jur., Escrow, Sec. 11 dealing with "legal title," they neglect to mention that after "***", Section 11 provides "the deposit of a deed in escrow creates" "an equitable interest" in the grantee <u>and every person with notice subsequently purchasing</u>

property from the seller, "is subject to the same equities as would be the party from whom he purchased." *See* Exhibit 1, p. 427 (emphasis added); *see also* Am. Jur. 2d Escrow, § 16 (by deed being deposited into escrow, grantee obtains equitable interest in the property). It is undisputed that when Sagebrush executed the Sagebrush/Reiber-Knight NPI and Deed, it owned both the now-Watterworth and now-Sutherland properties. SUF 5. It is undisputed that the Sagebrush/Reiber-Knight NPI and Deed and COSs 484308-R, 496440-R, and 498388-R are all in Sutherlands' chain of title. SUF 24-29, 31-32.

Simply put, Reiber-Knight obtained equitable and legal title (under the relation back doctrine) on April 19, 2002. Thus, the Mine Road easement has existed over the now-Sutherland property to Watterworth's Ravalli and Missoula County properties since April 19, 2002. Sagebrush's subsequent sale of the now-Watterworth property has no effect on the Sagebrush/Reiber-Knight NPI or Deed or the easement on Mine Road over the Sutherlands' property set forth in the NPI and Deed. Thus, while Sutherlands cite no authority for their position that the Sagebrush/Reiber-Knight NPI is an abstract of the contract for deed rather than the Sagebrush/Reiber-Knight Deed, because both equitable and legal title existed on April 19, 2002, whether the Sagebrush/Reiber-Knight NPI conveyed an interest in the easement or is an abstract of the Sagebrush/Reiber-Knight Deed is immaterial. And as mentioned above, Sutherlands do not address *Towsley's* holding that an NPI

alone may create an interest in an easement. Finally, Sutherlands are subject to the same equities as Sagebrush – their predecessor in interest.

**B.     Even If The Mine Road Easement To Watterworth's Ravalli and Missoula County Properties Had Not Existed Since April 19, 2002 – Which It Does – Watterworth Has An Easement To Watterworth's Ravalli County Property Under The Easement By Reference Doctrine.**

Sutherlands argue the easement-by-reference doctrine does not apply because COS 498388-R does not show all of Watterworth's Ravalli County property and thus, parol evidence would need to be used to identify the parcels that are benefited by the easement shown on COS 498388-R. They are wrong. Neither COS 484308-R nor COS 496440-R should be considered to be parol evidence because both are shown on COS 498388-R's face, identified in its "Note" as the source for "all bearing and distance courses," and COS 498388-R stated that Tract 2 was "subject to easements and restrictions of record or apparent." Even if COSs 484308-R and 496440-R were considered parol evidence, Sutherlands fail to recognize the distinction between application of the parol evidence rule and when a public document has been referenced and incorporated into another.

"The Montana parol evidence rule 'does not exclude other evidence of the circumstances under which the agreement was made or to which it relates….'" *Bretz v. Portland General Electric Co.,* 882 F.2d 411, 416, fn. 1 (9th Cir. 1989); *see also Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops, Inc.,* 164 P.3d 851,

857 (Mont. 2007) (same). Under the easement by reference doctrine, when a deed, e.g., the original Holt deed and the Sutherlands' deed, references a certificate of survey, the referenced certificate of survey, including all notes, certifications, lines, descriptions, marks, and depictions are incorporated into the deed. *Ash v. Merlette*, 407 P.3d 304, 309 (Mont. 2017). Any document "appearing in the chain of title" is also considered. *Bos Terra, LP v. Beers*, 354 Mont. 572, 575-76 (Mont. 2015) (court looked to the agreement at issue, and "any document referenced by the Agreement, or [] appearing in the chain of title") (emphasis added).

COS 498388-R identified the now-Sutherland property (former Holt property) as Tract 2, COS 498388-R. COS 498388-R identified on its face COS 484308-R and COS 496440-R. *See* Doc. 1-4 (highlighted below, including the now-Watterworth Ravalli County property –"Tract 1 COS 496440-R").



COS 498388-R provided: "NOTE: All bearing & distance courses are record and found per C.O.S. No. 484308-R and/or C.O.S. No. 496440-R." *See* Doc. 1-4, (lower right corner). It provided Tract 2 was "subject to all easements and restrictions of record and/or apparent." *Id.*, (Tract 2 description).

COSs 484308-R, 496440-R, and 498388-R were boundary line adjustments of Sagebrush's Ravalli County property, which included the now-Sutherlands'

property and now-Watterworth's Ravalli County property. *See* Doc. 3-6 (boundary line adjustment of Tract 1 COS 496440-R and Tract 2 COS 496440-R (northern portion of now-Sutherland property) (and identifying southern portion of the now-Sutherland property as "Tract 1, C.S.S. 484308-R)).

Sutherlands do not dispute that the Mine Road easement is in the exact same location on COSs 484308-R, 496440-R and 498388-R. SUF 18. Nor do they dispute its use was always described on each COS as a private access and utility easement. SUF 19.

Instead of addressing *Towsley v. Stanzak,* 519 P.3d 817 (Mont. 2002), where the Court determined whether an easement existed and its location based on prior deeds and three COSs recorded as the owner split its property, Sutherlands cite to *Blazer v. Wall,* 183 P.3d 84 (Mont. 2008); *Bos Terra* and *Yorlum Properties Ltd. v. Lincoln Cnty.*, 311 P.3d 748 (Mont. 2013), for their argument COSs 484308-R and 496440-R should be treated as parol evidence and cannot be used. Doc. 27, p. 21. None provide that support.

In *Blazer,* the question was whether an easement shown on a COS benefitted a property <u>not shown at all on the COS</u>.[2] Historically, the easement shown on the COS had been used by the owner of Tract 4 to "access[] Tract 4 [one of the tracts on

---

[2] Because the LexisNexis version of *Blazer* does not include the depictions discussed in that decision, a copy of the Montana Supreme Court decision showing the properties and the Court's depictions is attached as Exhibit 2.

the survey], <u>and other property … to the south and west of Tract 4</u>." *Blazer,* 183 P.3d at 89 (emphasis added); *see also* Exhibit 2, ¶¶ 4-5, 10 (depicting property on and off COS). The property southwest of Tract 4 "[wa]s not depicted or identified on [the] COS." *Id.,* at 90. The Tract 1 owner argued that because its tract was described in its deed as "Tract 1 of [COS] 4446," the Court could not consider the entirety of COS 4446. *Id.* at 99.  The Court rejected that argument holding that the reference to the property being conveyed as "Tract 1 of [COS] 4446" was "sufficient for purposes of the easement-by-reference doctrine, to incorporate COS 4446 into the deed." *Id.* However, because the property southwest of Tract 4 "was not identified anywhere on COS 4446," the easement on COS 4446 could not benefit property nowhere identified on the COS. *Id.,* at 101. The Court expressly held, "parol evidence" is admissible "to apply, not to supply, a description of lands…." *Id.,* at 105. Watterworth's Ravalli County property, the only property to which Watterworth argues an easement by reference, is identified on COS 498388-R.  Doc. 1-4. COS 498388-R expressly states Tract 2 is "subject to all easements of record." *Id.* COS 498388-R expressly states that distances and courses are "found per C.O.S. No. 484308-R and/or C.O.S. No. 496440-R." *Id.* COSs 496440-R and 484308-R both show the Mine Road easement over the now-Sutherland property with its termini at 8 Mile Road and the Missoula/Ravalli County boundary.

In *Bos Terra*, the agreement at issue contained a provision requiring the Grantors' consent before any rights could be assigned to a third party. *Bos Terra,* 354 P.3d at 575. Bos Terra did not obtain consent when it was assigned the agreement and neither "[1] the agreement, [2] in any document referenced by the agreement, or [3] <u>in any document appearing in the chain of title</u>," described the dominant estate. *Id.* at 576 (emphasis added). The Court, therefore, held that "extrinsic evidence may not be used to supply a property description of the dominant tenement when it has been omitted or cannot be ascertained from the transaction documents." *Id.* Here, that is not the situation. The Sagebrush/Reiber-Knight NPI and Deed both state that an easement is granted extending from 8 Mile Road, through the now-Sutherland property on Mine Road to access both Watterworth's Ravalli and Missoula County properties. COSs 496440-R and 484308-R were incorporated into COS 498388-R.

*Yorlum* was discussed in Watterworth's opening brief. Sutherlands' discussion of it adds nothing new. For the reasons discussed in Watterworth's opening brief*,* Sutherlands' reliance on *Yorlum* is without merit.

In sum, should the Court address the easement by reference doctrine, Sutherlands' argument that COSs 484308-R and 496440-R should be treated as inadmissible parol evidence is without merit.

### C. Sutherlands Took Their Property Subject To All Easements.

Sutherlands misconstrue Watterworth's argument to stand for the position that "subject to" created the Mine Road easement. Not so. Watterworth's argument is the Mine Road easement over the now-Sutherland property existed prior to Sutherlands acquiring their property from Vanek, and as a result, Sutherlands took their property subject to that easement.

A purchaser need not have "actual notice" of an easement; "constructive notice" suffices for an easement to be enforced against a subsequent purchaser. *Earl v. Pavex, Corp.,* 313 P.3d 154, 165 (Mont. 2013). The Sutherlands do not dispute the Sagebrush/Reiber-Knight NPI and Deed were of record on May 28, 2002, and April 6, 2007, and in their chain of record. SUF 9, 11, 24-29. They do not dispute that the Mine Road easement was depicted on COSs 484308-R, 496440-R, and 498388-R, all of which are in their chain of record nor that COS 498388-R provides that Tract 2 is "subject to all easements of record and/or apparent". SUF 7, 8, 14-17.

Thus, because the Mine Road easement -identified in the Sagebrush/Reiber-Knight NPI and Deed and depicted on COSs 484308-R, 496440-R, and 498388-R - is in Sutherlands chain of title, it is enforceable against Sutherlands.

### III. CONCLUSION

Watterworth requests summary judgment in its favor as to Plaintiffs' Complaint, Watterworth's Counterclaims (Counts I and II), and Sutherlands' affirmative defenses.

Watterworth requests the Court: (i) declare a 60' private access and utility easement exists over Mine Road on Sutherlands' property to Watterworth's Ravalli and Missoula County properties; or, (ii) in the alternative, declare a 60' private access and utility easement exists over Mine Road on Sutherlands' property to Watterworth's Ravalli County property under the easement by reference doctrine.

Respectfully submitted this 30th day of April, 2024.

                            MOORE, COCKRELL,
                            GOICOECHEA & JOHNSON, P.C.

                            /s/ Dale R. Cockrell
                            Dale R. Cockrell
                            Sean Christensen
                            PO Box 7370
                            Kalispell, MT 5990
                            Email: dcockrell@mcgalaw.com
                                               schristensen@mcgalaw.com

                            *Attorneys for Paul J. Watterworth, as Trustee*
                            *of the Paul J. Watterworth Revocable Trust*

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(d)(2)

I certify that, under L.R. 7.1(d)(2) for the U.S. District Court for the District of Montana, that Watterworth's Brief in Support of Motion for Summary Judgment is 3,239 words, including footnotes and excluding the caption, signature block, Certificate of Compliance, Table of Contents, Table of Authorities, and Certificate of Service.

Dated: April 30, 2024

/s/ Dale R. Cockrell
Dale R. Cockrell
dcockrell@mcgalaw.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing document was served upon the following individuals by:

[X] CM/ECF  
[ ] U.S. Mail  
[ ] Federal Express  
[ ] Hand-Delivery  
[ ] Facsimile  
[ ] E-Mail  

Jesse Kodadek  
William T. Casey  
PARSONS BEHLE & LATIMER  
127 East Main Street, Suite 301  
Missoula, MT 59802  
jkodadek@parsonsbehle.com  
wcasey@parsonsbehle.com  

*Attorneys for Plaintiffs*

Dated this 30th day of April, 2024.

/s/ Dale R. Cockrell  
Dale R. Cockrell